07 - 394

United States
District Court for
the District of Delaware

Joni L. Johnson, II
  Plaintiff on behalf of herself, And All 07 - 394
  others similarly situated
  v.
Joseph Biden, JR. Delaware Attorney General;
Carl Danberg, Commissioner, Dept of Corrections;
Rick Kearny, Bureau Chief, Dept. of Corrections;
Patrick Ryan, Warden, Baylor Womens Correctional Inst;
Colleen Shotzburger, Treatment Services, BWCI;
Ms. Russel, Treatment Services Councellor, BWCI;
Mr. O'Connor, Law Library, BWCI.
                Defendants △
On Behalf of their Individual and official capacity.

FILED
JUN 18 2007
RG second
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Motion for Preliminary
  Injunctive Relief And/or to Compel
  And Summary Judgement

Comes Now, Joni L. Johnson II, in pro se And hereby submits A motion to Compel The Administrative Staff at the Delores J Baylor Womens Correctional Institution to set aside A "Special Circumstances" Schedule in the law library for Joni L. Johnson, Inmate to prepare appeal of conviction And sentence imposed June 4, 2007 by The Kent County Superior Court, Judge Young to A term of 4 years Level V mandatory; And to complete filing of Class Action Civil Rights suit against The Department of Corrections, Delores J Baylor Womens Correctional Institution in New Castle, Delaware.

1. TT has been an inmate at the Delores J. Baylor Womens Correctional Institution since March 16, 2007.

2. TT was sentenced on June 4, 2007 to a mandatory term of incarceration by Judge Young, Kent County Superior Court to a term of 4 years Level 5.

3. TT was represented by Counsel Daniel Tyrell who misled her in plea negotiations and incorrectly interpreted the law; and therefore TT has chosen to represent herself at the preliminary stages of appeal to conviction and sentence.

4. TT has court deadlines that will be lost by failure to meet the Supreme Court of Delaware Rules of Procedure without ample access to the Law Library for research, typing, and preparation of Briefs, therefore creating a Liberty Interest.

5. TT is also working on the filing of a 42 USC 1983 for various Civil Rights violations specifically against Joni Johnson; TT in that, the Warden and various Personnel/Administration have deliberately and intentionally denied inmate Joni Johnson adequate time in the Law Library regardless of her multiple pleads, expression of urgency and Grievances filed as high up as the Commissioner of the Department of Corrections. All requests over the last 3½ months have gone unanswered.

6) On Wednesday June 13, 2007 inmate Joni Johnson was summoned to the Counsellors office in Classification and informed that the Warden passed on my urgent request to have "special circumstances" in Law Library granted pending Appeal and preparation of 42 USC § 1983, of which class Action will be Requested. His message to me was that I was Not to send my Requests or Problems to him; and that I should go through Classification instead.

7.) Ms Russell, counselor in classification addressed the Request for the Law Library Access by passing on the message from the Warden that Not only will he Not allow anymore correspondence to him, but he will NOT extend I/m Johnson Any time or "extra privileges" in the Law Library, that the Rest of the institution does Not have. Inmates are called from a sign-up sheet that stays in the unit 4-6 weeks. Therefore, Access is 1-2 hours every 4-6 weeks; Certainly Not Adequate time for preparation of pleadings and 6th Amendment Right to Access the Courts. or 14th Amendment Right to Due Process. Furthermore, since I/M Johnson is appealing her Criminal sentence, there is A Liberty Interest at stake.

8. Access to the Law Library is very difficult at Baylor W.C.I. Each unit has a sign-up sheet that stays up 4-6 weeks before Mr. O'Connor, Law Librarian, gets around to calling inmates. As a matter of fact, on June 13, 2007 the list for May 2007 was still up in unit 7. The Warden came on the unit on the afternoon of June 13 (after the meeting in Classification), and several inmates spoke to him about the Law Library situation, and he just argued back and refused to address the problem. He did in fact, deny that the sign-up sheet has been well over a month since Unit 7 called. Had he looked at it, he could see the May date.

9. I/m Joni Johnson, TI has in fact sent multiple written requests to Mr. O'Connor in the law Library stating an urgency and filing deadline, but has only been called approximately 6 times in 3½ months. On Monday, June 11, 2007 I/m Johnson was called to the Law Library for 2 hours and she REQUESTED Photocopies of Legal Documents which Mr. O'Connor "Alleges" the photocopier "Jammed" and he could not make my necessary copies. He promised I/m Johnson that he would have her back on Tuesday Afternoon. He was made aware of filing Deadlines, need for research time, photocopies, supplies and typing. June 12 & 13 have passed without being called. It is now June 14 and again I am not going to Law Library.

10) On April 20, 2007 I/m Johnson was in the Law Library working on 42 USC §1983 Research, and had a stack of "Legal Documents", some related to her criminal case and Attorney Correspondence, documents to and from the A.C.L.U. and grievances, and policy statements regarding BWCI. I asked Mr. O'Connor to photocopy these documents, and he said he would have to go "up front" for a job that size. I/m Johnson agreed, but expressed to him that they are Legal and fall under the 6th Amendment and 14th Amendment Protections. He returned about 20-30 minutes later without the documents. He initially told I/m Johnson that they "were being copied and he had to go back for them soon. After several minutes I/m Johnson again asked for her legal documents. At that time I/m Johnson was told by Mr. O'Connor that her papers had been confiscated by Colleen Shotzburger, from Treatment Services (his boss) and taken to the Warden "for review". Inmate Johnson then adamantly told Mr. O'Connor that she was going to call ACLU and he made her leave the Law Library without giving her the photocopies, her documents or allowing her to call the ACLU. About 4 or 5 hours later Mr. O'Connor returned the documents to I/m Johnson, without making the necessary photocopies. It was obvious the documents had been photocopied by and for administration because the clips & staples were removed. It was at least 6 weeks before I Johnson was again given law library access. * Also, I/m Johnson needed to go to law library to read a statute that she was being charged under. Mr. O'Connor ignored her requests and as a result Johnson plead to 11 DE 4214(a) was a felony & she would be sentenced as habitual for having 3 prior Delaware felonies. I/m Johnson just went to Law Library on 6/11 + researched that it was a misdemeanor. Therefore, causing Johnson to be sentenced to mandatory 4 years instead of the much lesser category. Had I/m Johnson had access to the Law Library as requested before

11. I/M has had multiple problems with the Administration at the BWCI because of her continually filing Grievances and the fact that she's working on 42 USC §1983. The B.W.C.I. has always Run the institution without consideration of the Civil Rights of I/M's or human Rights. Any inmate that attempts to file Administrative Remedies Against Any officer, Regardless of how serious the matter, will be Retaliated against.

12. "Prisoners must be permitted Court Access that is adequate, effective, and meaningful. Prison officials have the burden of showing the Adequacy of their Access Systems. All categories of prisoners are entitled to Court Access, and the Right extends to post Conviction proceedings such as habeas corpus petitions, civil Rights Actions, and other Civil Proceedings." Bounds v. Smith, 430 US 817, 821, 97 S.CT 1491 (1977).

— As there are No other Alternatives for I/M Johnson to Access the Courts, meet filing Deadlines and do Research and/or type, there is An infringement of her Civil Rights as protected by the United States Constitution.

## Argument

The Supreme Court has stated, "it is now established beyond doubt that prisoners have a Constitutional Right of Access to the Courts." Bounds v. Smith, 430 U.S. 817, 821, 97 S. CT. 1491 (1977). The courts have cited the Due Process clause, the Equal Protection Clause, the First Amendment, and the privileges and Immunities Clause of Article IV of the Constitution as the basis for the Right. "Litigation undertaken in good faith by a prisoner motivated to bring about social change and protect Constitutional Rights in the prison enjoys First Amendment protections." Murray v. Giarratano, 492 U.S. 1, 11 n 6, 109 S. CT 2765 (1989).

Therefore I/m π Joni Johnson requests Summary Action in preliminary Injunctive Relief to issue an order of this Honorable Court to have the administration and staff to allow inmate Joni Johnson access to the Law Library that is adequate for Research, typing, and preparation of Court pleadings. Furthermore, π Requests the court to specifically require the D.O.C. staff, warden, Law Library, etc to further supply to I/m Johnson Necessary Supplies.

- Paper
- Pens
- envelopes
- Typewriter Ribbon
- Correction Tape
- Postage for Legal mail only
- photocopies

8.

Also to specify and schedule in writing for I/m Johnson to have law library access, (Such as M-T-W 9:30AM-3:30pm) (Law Library Hours are M-F 8:30-4:30) until such time as pleadings are completed. There is no security concern because Ms. Johnson is in General Population with ZERO writeups.

Furthermore, I/M Johnson is concerned about further retaliation and harassment by the institution staff. The last time I tried to correspond out of the BWCI to the Chief of the Bureau and The Commissioner, D.O.C., the envelopes never left the institution and the shift commander brought them back to me, I/m Johnson and "SCOLDED" her, in front of the whole unit, for writing outside of the institution. However, grievances and concerns written to Administration in the BWCI are not answered or resolved.

I Johnson apologizes to the Court for not being able to type and properly prepare this petition, but she cannot go to Law Library.

I Johnson, further requests this Honorable Court act with urgency in this matter because of filing deadlines on her criminal Direct Appeal — as well as preparation of 42 USC §1983.

p. 9

In Bounds v Smith, 430 U.S. 817, 828, 97 S. CT 1491 (1977) The Supreme Court has held that prison officials "MUST" Assist inmates in the preparation and filing of Meaningful legal papers by providing prisoners w/ Adequate Law Libraries And access thereof."

## Conclusion

Wherefore, π Requests This Honorable Court to issue An order Requiring Access And stipulation of The Hours And List of supplies, As BWCI Will NOT ACT IN Accordance unless the Court So orders And specifically Lists conditions. — And Any other Relief This Court may deem Just And proper. That ∆'s be Required to pay Court costs As Necessary for their Deliberate Indifference And Refusal to Recognize The Constitution.

Respectfully submitted,

[signature]

June 14, 2007



07- 394

Joni Johnson
#00182823
Baylor Womens Correctional Inst
660 Baylor Blvd
New Castle, DE 19720

United States District Court
844 King St
Wilmington, DE 19801

07- 394


FILED
JUN 18 2007
RG scanned
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Re: Johnson v. Biden (D.O.C.) et al

Dear Clerk:
   Please file the herein petition for emergency injunctive Relief with Summary Action to Allow me Adequate Access to the Law Library at The Baylor Womens Correctional Inst.
   I have been trying to handle the needed Access from within the Dept of Corrections and to no avail. The Warden has now made it perfectly clear that he will not Authorize the needed time.
   It is urgent that Ms Johnson has time to Research the Law And type pleadings because of filing her own Appeal to Conviction and sentence After Court Appointed Counsel who was an eviction Legal Aid Attorney — And I was one of his 1st criminal cases — gave me bad information about the Law as it applies to me. Therefore, having A Liberty Interest After sentence of 4 years I need time in the Library to Research. Also, I have had problems in the prison with staff members because of filing grievances.

I Need time also to file a 42 USC § 1983 And Apply for Class Action Status because many inmates have had similar violations. The violations are not just the Law Library. They keep most of us out of the Law Library so we cannot call A.C.L.U. or work on filings.

Some of the issues that will be addressed once we have access, includes but not limited to:

1) STAFF Misconduct: Multiple incidents w/ many I/M's — But to start with there was in incident with Court Transport, CPL Brown broke my wrist and crushed nerves in their hand when transporting me from Dover lock-up Court back to BUCI. Deliberately and threatened to mace me for crying when wrist swelled & turned colors from cuffs too tight. She also will not allow me to take Medication, Respiratory inhalers for Pulmonary Fibrosis + Asthma + COPD on Court Runs.

(b) C/O Hicks labeled I/M Johnson a snitch which was untrue and told mentally ill, violent I/M's with MPD schizophrania and Bi-polar – giving a cup of Industrial Bleach, which she boiled in microwave. And He let her in the room on lock w/me & she threatened to throw the hot bleach in my face. After settling down she later poured the bleach in the water Reservoir of my C-PAP breathing Machine.

(c) Racial Slurs towards I/m's / overzealous use of Mace

Violence, cruel + unusual punishment / capstun (mace) used to punish I/M's that are not violent or trying to fight back.

(D) Staff placing I/M's on Lock or in ISO without Due Process —

2. Safety Hazards: (Bugs) spiders biting inmates suspected to be MRSA / Black Mold all through the Bldg which even drips down in the showers – And is thick in vents. I/M's locked in closets & other areas not Designed for housing with no ventilation or Bathroom facility. Overcrowding of 420 I/M's in a prison built for 200.

3. Medical Issues
4. Due Process & Liberty Interest Matters

There are many more issues to file in the 1983 as soon as the court grants access to the Law Library, with an order directing at least 3 days a week at 4-6 hours at a time plus specifically listing the needed supplies.

It should also be noted that I have mailed my Notice of Appeal to Kent County Superior Court, however have not had any time to research and apply the law and study the procedures needed to prepare my own 1st Appeal to the Delaware Supreme Court.

Please, try and get me a quick response and court order as my appeal is time sensitive.

Thank you for your prompt Attention,

Respectfully

Joni John

cc: Attorney General
Dept of Corrections

※ Because we cannot make photo copies — we are having to handwrite copies — so we are mailing 1 to A.G. And 1 to D.O.C. & let them copy & distribute with the courts permission.

