IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JONI L. JOHNSON,<br><br>      Plaintiff,<br><br>      v.<br><br>JOSEPH BIDEN, JR., COMMISSIONER<br>CARL DANBERG, BUREAU CHIEF<br>RICK KEARNY, WARDEN PATRICK<br>RYAN, COLLEEN SHOTZBURGER,<br>MS. RUSSEL, and MR. O'CONNOR,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>) Civ. Action No. 07-394-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

The plaintiff, Joni L. Johnson ("Johnson"), an inmate housed at the Delores J. Baylor Women's Correctional Institution ("BWCI"), moves the court for a preliminary injunction seeking access to the law library. (D.I. 1.) When considering a motion for a temporary restraining order or preliminary injunction, plaintiff must demonstrate that she is (1) likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and, (4) granting the injunction is in the public interest. *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights," *Continental Group, Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)(quoting *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985).

Johnson's allegations relative to denial of access to her legal research, legal documents, and access to the law library are a concern. Therefore, the clerk of the court is directed to send a copy of Johnson's motion and addendum (D.I. 1, 2) and a copy of this order to the defendants Joseph Biden, Jr., Commissioner Carl Danberg, Bureau Chief Rick Kearny, Warden Patrick Ryan, Colleen Shotzburger, Ms. Russel, and Mr. O'Connor so that they may respond to the request for injunctive relief on the access to court issues.

NOW THEREFORE, IT IS HEREBY ORDERED this 11th day of Oct, 2007, that:

1. The clerk of the court is directed to forward a copy of the plaintiff's motion for injunctive relief addendum (D.I. 1, 2) and this order to the defendants

2. On or before October 18, 2007, the defendants shall file a response to the issues of legal research, legal documents, and access to the law library.

_____
UNITED STATES DISTRICT JUDGE

FILED
OCT 11 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE