October 29, 2007

Joni Johnson
SBI # 00182023 Unit 4
Baylor Womens Prison
660 Baylor Blvd
New Castle, De 19720

The Honorable —
Gregory M. Sleet, USDJ
United States Dist. Court
844 King St
Wilmington, De 19801

RE: 07-394-GMS

Dear Judge Sleet:

I again pray for Preliminary Injunctive Relief so that I may continue to prepare legal documents. I am not only being limited on preparing 42 USC § 1983, but am now being limited on direct appeal brief due on 11-16-07, plus filing a bar complaint regarding my Criminal Defense Attorney.

my court appointed Attorney is "Who Knows where?" And DE Supreme Court Rule 26 will not authorize me Appointment of new counsel; because, although he cannot be found, he left no forwarding address, he is still counsel of Record. I desperately need this time in the law library.

Because of recent events, there is No way I will get called into the Law Library now. On October 3, a letter to the editor appeared in the News Journal, written by me, about the lack of Programs At BWCI. Various medical issues & complaints have been filed by me (including Medicaid being billed for my hospital bills and some of the bills that have been sent to me personally) The required Response by △'s to USDC; my open allegations that O'connors affidavit is less than honest and was coached by Warden Ryan; Lest I forget, that I have assisted inmates in appealing various Disciplinary issues; Whereas, Religious Services, Education Programs, Law Library Access, visits, And so on have been taken Away from inmates for An infraction — That is not even listed in the Disciplinary code; All without Due Process and failing to consider D.O.C. Procedure 4.2 or Constitutional Rights. (Any C/o At Anytime will sanction an inmate for 1 Rule infraction & give out An unconstitutional & illegal sanction w/o Due Process & it is ok w/ Administration)

Judge Sleet page 2

Plus I am gathering health & safety issues, such as mold in the building, hazardous conditions, among other things; I filed an Internal Affairs Complaint because of an officer putting my life in jeopardy over a grievance against him for an unrelated incident; my own medical concerns of a broken Rib that took 3 months to xray; Now, a suspected broken thumb & wrist that I have waited over 2 weeks for an xray; Warden's denial of medically ordered Respiratory Equipment (a fan to alleviate the symptoms of COPD exacerbation when heat comes on); The list goes on—But I am sure you get the idea. Now that the "Denial" is on file—my Law Library Access will be slim to none. when (or if) I do get in, it will be for show only. The one and only way I will get Adequate Access and Document protection is by COURT ORDER!

These are the injustices I have been working on —
As one long time staff member recently told me ...
"Terri Myers (06-117-SLR) use to be Public enemy No 1; Now — Joni Johnson is!"
The warden went so far as to order a mental Health Evaluation on me to question my sanity with why I take on these issues, no matter the Retaliation — — And DR. KAVANAUGH, Mental Health just said: I am not CRAZY, but I am Determined to stop injustice!

Your Honor, I Really need your help here!

Respectfully,

Joni L. Johnson

United States District Court
For the District of Delaware

Joni L. Johnson
π

V.

Joseph Biden III, et al
Δ's

07 CV-394-GMS

07-394-GMS

Motion For Reconsideration
(Information Not Known At the time of order)

Comes Now π, Joni L Johnson, in pro se
and hereby Respectfully prays This Honorable Court
for Reconsideration of Motion for Preliminary
Injunctive Relief to Require The Administrative Staff
At The Baylor Womens Correctional Institution to provide
π with Adequate Access to the Prison Law Library in order
to complete 42 usc §1983 and to Research and prepare
direct Appeal to the Supreme Court of Delaware, which
may require A Supplemental brief AND/or Writ of
coram hobis Accordingly.

π bases the request for Reconsideration on
Information not Known To This Honorable Court at
the time of consideration of π's Request.

π further provides New information and
Newly discovered evidence in Support of her position.

-2-

## BACKGROUND

On June 14 and June 22, 2007 Π filed A Motion For Preliminary Injunctive Relief And Addendum Respectively to this Honorable Court to be granted Adequate Access to the prison law library to Prepare legal documents, constitutionally protected Rights under Direct Appeal to criminal conviction and sentence, as Well as 42 USC § 1983 to correct prison conditions and violations. Furthermore, Π is Researching and REQUESTING CLASS Action Status. The Δ's in the law library Access matters include: Joseph Biden, III Attorney General, State of Delaware; Carl Danberg, Commissioner, Department of CoRREctions; Rick Kearney, Bureau chief, Bureau of Prisons; Patrick Ryan, warden, Baylor Womens Correctional Institution; Colleen Shotzburger, Classification Supervisor (over Law Library) BWCI; Donna Russell, Counselor, BWCI; and George O'Connor, Law Librarian, BWCI All in their Individual And Official capacity As Relate to the Law Library Adequate Access; Retaliatory denial of Access; AND ADEQUATE Access for Prisoners with "Special Legal Needs, Self-Representation of pretrial Research." Π has filed Administrative Remedy Requests up through and including the office of The Attorney General, who is Responsible for the oversight of The Upper Administration of the Dept. of CoRRections. Nothing has been Resolved. See multiple ADministrative AnD Requests

-3-

for access to the Law Library, but inmate Johnson that have gone unanswered or been responded to illegally and without regard to the Constitutional Rights of access to the courts by a pro se litigant.

Warden Ryan refuses to allow inmate, π, Jon. Johnson any more time than the rest of the population. However, even if the rest of the population was to access the Law Library according to the BWCI policy, as stated in the inmate handbook, or according to an inmates special needs it would still serve as inadequate to complete legal proceedings.

On October 11, 2007 This Honorable Court issued an order requiring Δs to Respond to Request for Injunctive Relief on the access to Court issues," by 10/18.

The Δ's Responded on 10/18/07, including an Affidavit by BWCI, Law Librarian, George O'Connor.

On 10/19/07 it is apparent that This Honorable Court denied motion for Preliminary Injunctive Relief. π Received an unsigned Copy of such order by prison mail delivery from The Dept of Justice, office of the Attorney General, on Monday, October 22, 2007.

Also, on Oct 22, 2007 π Received during Institution mail call A Returned envelope of part of 3 that included information and copies of multiple requests for Law Library Access And denial letters from Commissioner Danberg and Chief Kearney, as well as warden Ryan to π's multiple Requests for Adequate Access.

-4-

## Issues

— Π is being denied Adequate Access to the Law Library by the Administration because of the use of the grievance and Administrative Remedy process in regards to prison conditions; staff misconduct; Due process violations; Religious Freedoms not being protected; And other Constitutional violations being Addressed by 42 USC § 1983. There are times when 2-4 weeks will pass without law library Access According to O'Connors own Affidavit.

— The inmate handbook, which is used As An exhibit by O'Connor, Δ, in his Affidavit states that "if you need to make a law library appointment, you must sign your full name on the scheduling sheet in your unit." The scheduling sheet hangs in the units from 4-6 weeks. The optional method is to send mr. O'Connor A "Request Letter". The Request letter has faster Access. Π has sent A Request letter daily since the last time she was in L.L. + she still has not been called.

— George O'Connor provided This Honorable Court w/ Affidavit and A scheduling calendar of Dates, times + Notes Regarding Access by Joni Johnson And law library Information. See Attached Response to Πm L.L. Report.

— Π cannot challenge the times that she was in the L.L. because O'Connor failed to provide the Sign-in/-out sheets w/ Actual signature.

-5-

# ARGUMENT

Using Δ O'Connor's Law Library Access Report, he alleges that inmate Johnson has spent A total of 49 Hours in BWCI Law Library, over the past 8 Months. Accordingly, he alleges that an average of 6 hours per month is sufficient and Adequate Access, even for an inmate with pending litigation under two separate CASes. One involving the Amount of time she will spend in prison and the other involving the Conditions of which she will be confined.

The Prison Law Library Access System is within itself inadequate and does not meet Constitutional standards AS Required in Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct 1491, 1498 (1977) (encompassing the right of access to the courts) and Lewis v. Casey, 518 U.S. 343, 116 S.CT 2174 (1996) (defining prison Regulations that are "Reasonably Related to legitimate pendogical interests".)

The Sign-up Sheets Stay in the Unit 4-6 weeks before inmates are called. Inmates that have moved from one unit to Another may have to wait another 4-6 weeks for Access if has again Just been moved.

Legal Research, when seeking case law by hand (The old Fashion way) could take multiple hours. Im T Johnson has A lot of Research Required to perfect A writ of coram nobis, Response & Briefing to Supreme Court of Delaware, and Preparation of Class Action 1983 claim.

−6−

Six-Seven hours per month is INADEQUATE for any inmate doing legal work pro Se. The method of calling 3-7 people A day to the law library at 1-3 at a time is insufficient, for institution procedure and will be addressed in a later proceeding.

At this time TT Needs Preliminary Injunctive Relief to include 12-15 hours per week for legal Research and Access to photocopies As Required for Court proceedings.

A legitimate pendogical interest was Not A concern with the prior law librarian or the gentleman that came from another facility to cover during the Vacation of George O'connor. Up to 3x's the Number of inmates were called to the L.L. At one time of what is called with O'connor. Library call sheets are Quickly cleared because most inmates just need a phone call or to look in bench book. There are 12 work stations that can be used by inmates Needing to do Research or type. With the "other" (MAC), Law librarian these matters are not an issue. With O'connor it becomes A "Security concern." TT does not agree in the Security concern issue because it only seems to apply with O'connor who merely is "bothered" by inmates coming in that need to make legal calls or speak to him about an issue or get forms or Notary Services. His clerk handles most of the job functions. O'connor sits in his chair

and types into the computer. If he is out
sick or has an appointment there is no library
access for anyone. * Inmates are suppose to be
the reason for his job, not an intrusion to his job.
    Access to the courts should not revolve
around one mans schedule, and therefore the 6th
Amendment Right to court access and 14th Amendment
Right to Due Process is denied.
    * Ti would Respectfully Request this Honorable
Court to Subpoena the Actual sign-in/-out sheets
kept on file At BWCI L.L. and compare number
of inmates seen per day and per week. — then compare
to the one week substitute librarian that was
in his place. — And — Note how many days there are
no inmates called to L.L. // Including the hours his
clerk works.
    These calculations and comparisons would be
REQUESTED In The actual filing of 42 USC §1983 and do
not meet the need for Preliminary Injunctive Relief
standard. Ti has an immediate need and will loose her
constitutional Right to Direct Appeal to the Supreme Court of DE
because she has an opening brief due on 11-16-07 a Atty
(court Appointed) Has Disappeared. Because of R.26 (Sup. CT)
Continuing Obligation, New counsel may not be appointed.
Ti is not Qualified to do this Alone, but is left with no choice.
Hence the need for multiple Adequate Access Hours
to L.L At this time.

-8-

## Conclusion

Information Not Known at the time this Honorable Court issued an order to deny π Joni Johnson's REQUEST for Preliminary Injunctive Relief of needing 12-15 hours per week in the LL. to complete legal briefs, includes the Affidavit filed by George O'Conner Claiming in his Report information NOT Accurate, And/or fabricated to benefit the Administration and mislead this Court.

The Attached Response; Whereas, π has Responded line by line, hour by hour to O'conno's prejudicial Report is information the Court did Not have when determining Denial. π has also mailed to the Court in plenty of time Copies of multiple Attempts to Resolve the LL issue At BWCI, with Responses & Denials by Bureau Chief, Warden and commissioner; including false Accusations About A Stolen book that π HAS NeveR been served w/or even ~~states~~ seen. Hence, the Due process claim in which π is Attempting to Resolve without cooperation from BWCI staff, Chief Kearney or Commissioner Danberg. The Due Process Claim & The LL denial Actually are tied together by Danberg & Kearney (because of the alleged Incident & Disciplinary Report π is Restricted from LL which conflicts with O'conner Affidav.t). Furthermore, π has Requested L.L. Access every day since Δ's Response & has not been Called.    It is now 10/29, No Access since 10/17 2 hours.

-9-

π is undoubtedly being punished for Requesting Judicial Intervention After Administrative Staff from Treatment Services, up through the office of the Attorney General has denied Assistance to π in being granted Adequate Access.

π would further Request an inquiry into Δ O'Connor's allegations in his Report and statements under oathe in his Affidavit, that is less than honest. (See Attached Response to Affidavit).

Furthermore, the incident, Whereas, O'connor claims π was giving "Legal Advice" to Im Charbonneau, is that π VERY QUIETLY told the inmate how to pronounce "forma pauperis". At that time O'connor became loud and beligerent and Accused π of "Stealing money from little old ladies". This happened in the presence of At least 3 other inmates. (Lateya M'Duffie, Linda Charbonneau, Nicole Campbell).

π has been moved Away from those inmates to Avoid Requesting An Affidavit from them, to prove O'connor Lied to this Honorable Court!

π merely needs time to Research & prepare briefs Accordingly. Six to Seven hours per month is Not Sufficient π REQUESTS the Injunction immediately to pReserve her legal Rights to criminal Sentence Appeal that will be Lost Without Such order.

Respectfully submitted,

10/29/07

Statement of facts
By Joni Johnson

— The BWCI Law library is equipped with work stations, typing stations and a "wait bench" for I/m's Needing to make legal calls in the office w/ Mr. O'Connor present. Ten-twelve inmates could easily work at one time. Many days he has None. Inmate Johnson is NOT A Security Risk and needs little to No Assistance from MR. O'Connor. Π works without incident with other inmates present. While in L.L. Π is prohibited from talking to or Assisting other inmates. (This is ok for now, because I don't have time to help others), Furthermore The Inmate L.L. does not provide computers or Research tools for an I/m to be able to "Quickly" gain needed Access, information, Statutes, OR Case law in preparing Pro Se pleadings and briefs.

— Using Data provided by O'Connor and assuming his accuracy in the "Log" of Π's visits over an 8 month period, of 49 Hours total (which includes lunch + medication breaks) — There is an average of 6 - 7 hours PER month. Mr. O'Connor will promise I/m Johnson that he will have her in on dates he does not.
— Π has filed multiple grievances + Appeals to warden, chief and commissioner as well as the A.G. + Absolutely nothing is done to improve L.L. Access or Set Aside "Special circumstances" time for Pro Se litigants. Nothing has been Resolved.
— I/m Joni Johnson, Π has Court proceedings + pleadings coming due TA 11/14/07 With no Attorney (Court Appt'd Atty MIA) Π will loose Constitutional Appellate Right without Adequate Access on procedural issues.

-The alleged 2000+ photo copies is not Accurate. many times I requested copies & for whatever reason (broken copier, etc) they could not be done - The 875 He alleges over ½ were unreadable.

The inconsistent times to be called to the L.L. are not Adequate, especially in a situation where I am working on a Supreme Court Appeal, 42 USC §1983 Class-Action possibility w/ over 40 Civil Rights complaints against Bush Administration.

Furthermore, the times I am there, I only have time to Read and take notes. I have to hand-write pleadings & oftentimes hand-write copies to get them out on time. It is A known fact that handwritten documents do not Appear Professional & therefore are not taken As Seriously as the typed documents.

The typewriters are outdated & worn out. If I had enough time to type the pleadings they still would not look professional. There is no correction tape, the carbon Ribbons are very light and some letters do not work.

I am not a security Risk; I am in general population. I do not play "prison games" w/ sneaking around w/ Relationships. All I want is my Constitutional Rights to Access the Courts & Redress grievances without Retaliation.

This is still the United States of America!

Response To I/m Law Library
Appointment Report made by G. O'Connor

4/3/07    OK ?                                                        2.0
4/9/07    OK ?                                                        1.0
4/17/07   Because of Needing more than 50 copies
          O'Connor told JJ she would have to come back    2.0
          the Next day. No copies made
4/20/07 - In Response to O'connor's allegation of copy
          Request; He Did not make Any copies of the      2.0
      ① 1983 Application form with multiple Medical
          Complaints, Titled:
          Jon. L. Johnson AND Shierld Luff v. Doc/cms
          Plus Documents Sent to us both from ACLU;
          including A copy (Internet PRint out) from an OlD
          Doc Policy/Procedure 4.2 mailed In from ACLU -
          Because inmates are SANctioned + Disciplined
          According to Doc 4.2 per BWCI illegally + improperly.
          Accordingly, ADministration made A big issue over
          I/m's having Access to this policy. These Due Process
          Violations being a separate § in the complaint.
      ② O'connor left the L.L. with the papers to go "up front" and
          use the copier. He Returned 10-15 minutes later w/o the papers.
          He initially said they were "being copied". About 20 min's later
          I Again Asked for my legal papers. He then said they were
          being Reviewed or that Colleen Shotzburger, tx svc's had
          "confiscated" them.
      ③ O'Connor told D Johnson the reason for the Confiscation was
          because "I/m's are NOT permitted policy + procedure documents
          in their possession." At that time he said Q About Having another
          I/m's papers because they had Both of our names on it & clearly
          Relate to the improper inadequate medical CAre of both
          Johnson + Luff. Both suffer w/ COPD, but Luff is much more serious
          and in end stages. The warden is watching her die and
          Does Nothing to help her. I/m Johnson will herself become that
          ill if she doesn't do something now to prevent it. Hence: The 42USCS§1983
          w/consideration of inadequate medical tx AND environmental factors
          such as mold/Dust/Aerosol sprays/chemicals etc.
          At 3:45 pm the documents were Returned to I/m Johnson on
          Unit 8.
                No PHOTO COPIES MADE!

P3
4/20 Cen

④ The next issue of that day Regards O'connors allegations that he "previously warned + Admonished about given (SIC) legal Advise (SIC) to fellow inmates". To begin with, I had little to no contact w/ O'connor prior to this date. We had no occassion to warn or even speak to O'connor about such issue. If I had, I would have pointed out to him the U.S. Supreme Court case: Johnson v. Avery that does Allow + Authorize "Jail House Lawyers".

⑤ The alleged legal advice that I gave was merely telling Inm Charbonneau how to pronounce "forma pauperis". I merely lifted my head from a book, spoke the word, + put my head back down. I was not loud, argumentive or Disruptive.

As A matter of fact, O'connor (As he has A Reputation of) came out of his office yelling + screaming + Accusing me of "Stealing money from little old ladies". None of us ever figured out what prompted his Remark; however, he was referring to my charges of "forgery w/ victim b2t" (which was Dismissed). Mr. O'connor was out of line, unprofessional, And Beligerent. He then told me to "get the hell out of L.L." As the inmates that were present can verify. At No time did I Raise my voice or become "unruly And loud". That does not even fit my personality. George O'connor is the only one unruly + loud that day. I am a 51 year old mature woman. The witnesses were shocked at his behavior.

* I CANNOT obtain Affidavits from inmates present that day. Because of being moved to A secluded unit.
    Inm's Linda Charbonneau, Nicole Campbell + LaToya McDuffie

* Copy of grievances from this days incident, is in the prior file sent of "Adm. Remedies".

5/23/07   OK   ?                                    4.0
6/1/07   I needed to look up sentencing or plea information
         that day for a 44 hearing — Did not happen!
         Consequently, plead to improper Classification —
         Result of Current Appeal to Sup. Ct. DE. CASE # 319, 2007.

6/11/07   This is the incident MR. O'connoR Alleges I stole a   2.0
         Book. This has a separate Due Process Violation. I have
         NeveR been served with, or had in my possession
         the alleged Disciplinary & Incident Reports # 2006950
         and # 2006316. This issue, I continue to stand on my
         innocence; yet I have been sanctioned as if found guilty
         without reading report or a "finding of guilt."
         One of the sanctions is my "limited Access to the L.L."
         This is Reinforced by correspondence to me from
         CARL DanbeRg, DOC commissioneR   AnD Rick Kearney,
         BoP Chief. Copies of their letters are in the
         Administrative Remedy Responses previously sent.
         * Again No copies made because no toner #

6/19/07   I was in No way disruptive or "testing the LL patience".   1.5
         He has no patience to test. I merely opened a drawer
         to get paper (as that is the procedure) — He exaggerated
         again in an attempt to Discredit me and to justify his
         behaviors.  Fabricated Information by O'connoR.
         I was not "Riffling" or "Rummaging" As he suggests.
7/3/07 (Date uncertain) However, this is the date he made Finally the copies
         I had been Requesting since April. Most of the copies were put in
         tRash Because  He ran them through wrong side, toner turned
         down & lid up so they were BLACK. Deliberately       2.0
                                                              3.0

4.0

8/22/07   This is About when he started cAlling me again -
He did notarize SeveRal medical Records Request feRms I
Needed foR PRison medical StAFF. This day was
uneventful. His clerk did make deCent copies foR me
that day.

<span style="writing-mode: vertical">woRking on 1983 and Motion foR Appointment of new Counsel BecAuse my CR. Atty is Missing.</span>

8/24 ——— 3
8/28 ——— 5
9/6 ——— 3
9/7 ——— 3
9/12 — medical
9/17 ——— 3
10/2 ——— 1.5
10/5 ——— .5
10/9 ——— 4.0
10/10 ——— 2.5
10/17 ——— 2.0
_____

AT this time he did start cAlling me
to L.L. Again because of Complaints
I filed with A.G. office + CommissioneR.

However - He still is not consistent -
Knowing I was Quietly woRking in
my coRneR - He promised to cAll me in
& would not. I am tRusting his
CAlculations, I do not have Access
to Actual sign-in/-out sheets.

49 Hours   maRch - October 2007
= Average 6 Hours peR month

CAlculations based on 'D'Connors logs.

✱ It is now 10/29/07. I have An opening Appeal BRief
due on 11/14/07 with no AttoRney and my Access has
again stopped.