IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JONI L. JOHNSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-394-GMS |
| | ) |
| JOSEPH BIDEN, JR., COMMISSIONER | ) |
| CARL DANBERG, BUREAU CHIEF | ) |
| RICK KEARNY, WARDEN PATRICK | ) |
| RYAN, COLLEEN SHOTZBURGER, | ) |
| MS. RUSSEL, and MR. O'CONNOR, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM ORDER**

**I. BACKGROUND**

The plaintiff, Joni L. Johnson ("Johnson"), an inmate housed at the Delores J. Baylor Women's Correctional Institution ("BWCI"), moves the court for a preliminary injunction seeking access to the law library. (D.I. 1.) She filed her lawsuit on June 14, 2007, seeking injunctive relief. *Id.* On October 11, 2007, the court ordered the defendants to respond to the motion for injunctive relief and a timely response was filed on October 18, 2007. (D.I. 14, 16.) Johnson has filed numerous documents to support her pending motion. (D.I. 2, 6, 7, 18, 19, 21, 28, 29.)

**II. STANDARD OF REVIEW**

When considering a motion for a temporary restraining order or preliminary injunction, plaintiff must demonstrate that she is (1) likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and, (4) granting the injunction is in the public interest. *Maldonado v. Houstoun*, 157 F.3d 179,

184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights," *Continental Group, Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)(quoting *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985).

Prisoners must be allowed "adequate, effective and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977) (holding that prisons must give inmates access to law libraries or direct legal assistance). A violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured by the alleged denial of access. The actual injury requirement is a constitutional prerequisite to suit. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (explaining that the constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court"). An actual injury is shown only where a nonfrivolous, arguable claim is lost. *Christopher,* 536 U.S. at 415.

## III. DISCUSSION

Johnson alleges that she has a pending appeal of her state criminal conviction and sentence and is not allowed appropriate time in the law library to prosecute her appeal. Johnson advises that she is proceeding *pro se* on her direct appeal, but documentation indicates she has court appointed counsel. Johnson also alleges that she is working on filing various § 1983 lawsuits and, again, is not being given adequate time in the law library. She asks that the defendants provide her with a "special circumstances" law library schedule. Finally, Johnson

alleges her legal work has been confiscated and the law library refuses to make photocopies for her. Johnson alleges she has submitted multiple grievance "as high up as the Commissioner," but all requests have gone unanswered.

Johnson indicated in a letter to the clerk of the court, filed July 5, 2007, that she had a July 9, 2007 court deadline with the Delaware Supreme Court. (D.I. 6.) A document filed July 10, 2007, states that Johnson is fighting court deadlines until appointment of new counsel on direct appeal before the Delaware Superior Court, Case No. 319, 2007. (D.I. 7.) In that document Johnson requests a set law library schedule of three days per week, four to six hours per day. (*Id.*) She indicates she was allowed four hours the previous week, but that the law library refuses to commit to a set schedule. (*Id.*)

The defendants responded to Johnson's allegations and submitted documentation indicating that Johnson has visited the law library or received assistance from the BWCI law library on numerous occasions since July 2006, as follows: July 18 and 20, 2006, April 3, 9, 17, and 20, May 23, June 1, 11, and 19, 2007. The defendants' response indicates that Johnson continued to receive legal assistance subsequent to filing the of her motion for injunctive relief, as follows: July 3 and 6, August 22, 24, and 28, September 5, 7, and 17, October 2, 5, 9, 10 and 17, 2007.[1] (D.I. 16, Ex. C.).

Following the defendants' response, Johnson filed several "updates" with the court. The first, dated October 12, 2007, advised that she was told by prison officials she would not receive more time in the library than anyone else (i.e., one visit every four to six weeks, one to two hours per visit). (D.I. 21.) An "update" dated October 14, 2007, advised that Johnson is "banished"

---

[1] Johnson was a no show for her law library appointments on several occasions due to court appearances and medical issues.

from the law library. (D.I. 18.) An "update" dated October 15, 2007, similarly advises of her "banishment" from the law library, and that she has a November 16, 2007 court deadline to file a brief in Case No. 319, 2007, before the Delaware Supreme Court. (D.I. 29.) The October 15, 2007 "update" includes exhibits indicating that as of October 9, 2007, Johnson was represented by counsel in Case No. 319, 2007, even though she is "unhappy" about his representation. (*Id.* at Exs.) Johnson submitted another filing dated October 23, 2007, stating that her motion for injunctive relief had been denied and that she is again being denied access to the law library.[2] (D.I. 28.) At the same time she submitted numerous exhibits dated from March 22, 2007, to July 4, 2007, documenting her requests for additional law library time. (*Id.*) Finally, Johnson submitted letters on October 28 and 29, 2007 indicating that her counsel on appeal is "missing in action," mail she sends him is being returned, she has been advised that she cannot get appointed counsel on appeal, and her opening brief is due on November 16, 2007.

## IV. CONCLUSION

Upon review of the allegations made by Johnson and the response and documentation submitted by Johnson and the defendants, the court concludes that, at this early stage of the litigation, Johnson has not demonstrated the likelihood of success on the merits. Nevertheless, given the fact that Johnson advises the court she is banished from the law library, her attorney on direct appeal is missing in action, and she has a looming deadline before the Delaware Supreme Court her motion for injunctive relief (D.I. 1) is **GRANTED** to the extent that the defendants are **ORDERED** to provide Johnson with **four hours** of law library time each week for the weeks of November 4th and November 11th, 2007, so that Johnson may meet her November 16, 2007

---

[2]This is the first order issued ruling on Johnson's motion for injunctive relief.

deadline, and **DENIED** in all other respects.



CHIEF, UNITED STATES DISTRICT JUDGE

DATED: 5

**FILED**

NOV - 5 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE