

**JOSEPH R. BIDEN, III**
**ATTORNEY GENERAL**

**DEPARTMENT OF JUSTICE**
**NEW CASTLE COUNTY**
**CARVEL STATE BUILDING**
**820 N. FRENCH STREET**
**WILMINGTON, DE  19801**

**CRIMINAL DIVISION (302) 577-8500**
**FAX: (302) 577-2496**
**CIVIL DIVISION (302) 577-8400**
**FAX: (302) 577-6630**
**TTY: (302) 577-5783**

**PLEASE REPLY TO:** (302) 577-8400

December 6, 2007

Ms. Joni L. Johnson
SBI#00182823
Baylor Women's Correctional Institution
660 Baylor Blvd.
New Castle, DE 19720

> RE:   *Johnson v. Biden, et .al.,* **C.A. No. 07-394-GMS**

Dear Ms. Johnson:

This afternoon I received your letter dated August 15, 2007 requesting a copy of Judge Sleet's decision from August 5, 2007.  A copy of the letter and envelope are enclosed for your reference.  Perhaps you meant to write "November" instead of "August"?  According to the docket sheet in this matter, Judge Sleet did not issue an opinion in the month of August (I was also not assigned to this case at that time, either).  However, he did issue a Memorandum Order, D.I.32, on November 5, 2007, and another Memorandum Order, D.I.35, on November 26, 2007.

As a courtesy, I am enclosing a copy of the current docket sheet, as well as the Memorandum Orders of D.I.32 and D.I.35.  However, due to the adversarial nature of this litigation, I respectfully ask that you direct all future requests of this nature to the Clerk of Court for the District of Delaware.

Thank you.  I appreciate your understanding.

Very truly yours,

/s/ Catherine Damavandi,
Deputy Attorney General, ID#3823

cc:   Chief Judge Gregory M. Sleet
      Clerk of Court

Enclosures

August 15, 2007

Joni Johnson
Inmate# 00182823
Baylor Womens Corr Inst.
660 Baylor Blvd
New Castle, DE 19720

Catherine Damavandi, ESQ
ID # 3823 Deputy Atty General
820 N. French St, 6th floor
Wilmington, DE 19801

RE: # 07-394-GMS
Johnson V. Biden, et al

Dear Ms. Damavandi:
    I understand an order and decision came down from Judge Sleet on August 5, 2007 in the above referenced matter.
    As of this date, I have Not Received My copy. I do not have computer Access, therefore would require A mailed copy.
    Thank you for your prompt attention.

Respectively

Joni Job—

cc: Judge Sleet, USDC

OFFICE OF
ATTORNEY GENERAL

DEC 06 2007

RECEIVED
CORRECTION UNIT



Teri Johnson
#00168283 Unit 4
Baylor Womens Corr Inst.
660 Baylor Blvd
New Castle, De 19720

Legal Mail

RECEIVED
DEC 06 2007
CIVIL DIVISION

OFFICE OF
ATTORNEY GENERAL
DEC 06 2007
RECEIVED
CORRECTION UNIT

Catherine Damavandi, ESQ

DEPARTMENT OF JUSTICE
CARVEL STATE OFFICE BLDG
820 N FRENCH ST
WILMINGTON DE 19801
MESSENGER MAIL C600

"State
npri"

# U.S. District Court
## District of Delaware (Wilmington)
### CIVIL DOCKET FOR CASE #: 1:07-cv-00394-GMS

Johnson v. Biden et al
Assigned to: Honorable Gregory M. Sleet
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 06/18/2007
Jury Demand: None
Nature of Suit: 555 Prisoner: Prison Conditions
Jurisdiction: Federal Question

**Plaintiff**

**Joni L. Johnson**
*On behalf of herself and all others similarly situated*

represented by **Joni L. Johnson**
#182823
Delores J. Baylor Women's Correctional Institution
660 Baylor Boulevard
New Castle, DE 19720
PRO SE

V.

**Defendant**

**Joseph Biden, JR.**
*Delaware Attorney General*
*TERMINATED: 11/26/2007*

**Defendant**

**Commisioner Carl Danberg**
*Dept of Corrections*

represented by **Catherine C. Damavandi**
Department of Justice
820 N. French St.
Wilmington, DE 19801
(302) 577-8400
Email:
Catherine.Damavandi@state.de.us
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bureau Chief Rick Kearny**
*Dept. of Corrections*
*TERMINATED: 11/26/2007*

**Defendant**

**Warden Patrick Ryan**
*Baylor Womens Correctional Inst*

**Defendant**

**Colleen Shotzburger**
*Treatment Services BWCI*

**Defendant**

**Ms. Russel**
*Treatment Services councellor BWCI*
*TERMINATED: 11/26/2007*

**Defendant**

**Mr. O'Connor**
*Law Library BWCI*
*TERMINATED: 11/26/2007*

**Defendant**

**C/O Hicks**

**Defendant**

**Corporal Brown**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/18/2007 | 1 | MOTION for Preliminary Injunction - filed by Joni L. Johnson. (Attachments: # 1 Letter to Clerk)(lid) (Entered: 06/22/2007) |
| 06/19/2007 | 2 | ADDENDUM To The Motion For Preliminary Injunctive Relief and Summary Judgment by Joni L. Johnson. Amendment to 1 MOTION for Preliminary Injunction. (lid) (Entered: 06/22/2007) |
| 06/19/2007 | 3 | Notice of Availability of a U.S. Magistrate Judge to Exercise Jurisdiction (lid) (Entered: 06/22/2007) |
| 06/27/2007 |  | Case assigned to Judge Gregory M. Sleet. Please include the initials of the Judge (GMS) after the case number on all documents filed. (rjb) (Entered: 06/27/2007) |
| 07/03/2007 | 4 | Letter to Clerk of Court from Joni Johnson regarding receipt of motion for preliminary inunction. (mmm) (Entered: 07/05/2007) |
| 07/05/2007 |  | EXIT copy of the docket sheet to the pro se plaintiff on 7/5/07. (mmm) (Entered: 07/05/2007) |
| 07/05/2007 | 6 | Letter to Clerk of Court from Joni Johnson regarding letters (and attachments) regarding use of the law library. (mmm) (Entered: 07/06/2007) |
| 07/06/2007 | 5 | Filing Fee of $350.00 Assessed. Plaintiff requested to submit IFP application and trust fund account statement. Failure to submit items within 30 days will result in dismissal of action without prejudice. (Copy to pltf.). Notice of Compliance deadline set for 8/9/2007. Signed by Judge Gregory M. Sleet on 7/6/07. (mmm) (Entered: 07/06/2007) |
| 07/10/2007 | 7 | Letter to Clerk of Court from Joni L. Johnson regarding attached IFP. (mmm) (Entered: 07/11/2007) |
|  |  |  |

| 07/10/2007 | 8 | MOTION for Leave to Proceed in forma pauperis - filed by Joni L. Johnson. (mmm) (Entered: 07/11/2007) |
|---|---|---|
| 07/13/2007 | 9 | ORDER granting Motion to Proceed IFP. Filing Fee of $350.00 Assessed. An initial partial filing fee of $2.80 shall be required. Plaintiff shall return the attached payment authorization within 30 days. Failure to return payment authorization shall result in dismissal of action without prejudice. (Copy to pltf). Notice of Compliance deadline set for 8/16/2007. Signed by Judge Gregory M. Sleet on 7/13/07. (mmm) (Entered: 07/13/2007) |
| 07/26/2007 | 10 | Letter to Clerk of Court from Joni Johnson regarding request for updated docket sheet. (mmm) (Entered: 07/30/2007) |
| 07/31/2007 | 11 | Letter to Joni L. Johnson from Clerk of Court regarding enclosed updated docket sheet and magistrate judge consent form - re 10 Letter. (mmm) (Entered: 07/31/2007) |
| 08/14/2007 | 12 | Authorization by Joni L. Johnson requesting Prison Business Office to disburse payments to the Clerk of the Court. (copy of assessment order and authorization to Prison Business Office) (mmm) (Entered: 08/16/2007) |
| 08/14/2007 | 13 | Letter to Clerk of Court from Joni Johnson. (mmm) (Entered: 08/16/2007) |
| 10/11/2007 | 14 | ORDER re 2 Addendum filed by Joni L. Johnson, 1 MOTION for Preliminary Injunction filed by Joni L. Johnson. Signed by Judge Gregory M. Sleet on 10/11/07. (mmm) (Entered: 10/11/2007) |
| 10/18/2007 | 15 | NOTICE of Appearance by Catherine C. Damavandi on behalf of Carl Danberg (Damavandi, Catherine) (Entered: 10/18/2007) |
| 10/18/2007 | 16 | RESPONSE to Motion re 1 MOTION for Preliminary Injunction filed by Carl Danberg. (Attachments: # 1 Exhibit A Affidavit of George O'Connor# 2 Exhibit B Excertpt from Inmate Handbook# 3 Exhibit C Plaintiff's Law Library Appointment Report)(Damavandi, Catherine) (Entered: 10/18/2007) |
| 10/18/2007 | 18 | Letter to Clerk of Court from Joni L. Johnson regarding access to law library. (mmm) (Entered: 10/19/2007) |
| 10/19/2007 | 17 | PROPOSED ORDER Defendants' Proposed Order Attached to Defendant's Motion in Opposition to Plaintiff's Motion for Injunctive Relief re 16 Response to Motion, by Carl Danberg. (Damavandi, Catherine) (Entered: 10/19/2007) |
| 10/19/2007 | 19 | Letter to Clerk of Court from Joni L. Johnson regarding request for injunctive relief. (mmm) (Entered: 10/24/2007) |
| 10/19/2007 | 20 | Letter to Clerk of Court from Joni L. Johnson regarding mailing difficulties. (mmm) (Entered: 10/24/2007) |
| 10/19/2007 | 21 | REPLY BRIEF re 1 MOTION for Preliminary Injunction filed by Joni L. |

| | | Johnson. (mmm) (Entered: 10/24/2007) |
|---|---|---|
| 10/19/2007 | 22 | REQUEST for Production of Documents directed to defendants by Joni L. Johnson.(mmm) (Entered: 10/24/2007) |
| 10/19/2007 | 23 | Letter to Clerk of Court from Joni L. Johnson regarding request for Local Rules. (mmm) (Entered: 10/24/2007) |
| 10/19/2007 | 24 | MOTION to Amend/Correct - filed by Joni L. Johnson. (mmm) (Entered: 10/24/2007) |
| 10/19/2007 | 25 | AMENDED COMPLAINT against all defendants- filed by Joni L. Johnson.(mmm) (Entered: 10/24/2007) |
| 10/24/2007 | 26 | Letter to Joni L. Johnson from Clerk of Court - re 23 Letter. (mmm) (Entered: 10/25/2007) |
| 10/24/2007 | 27 | SUPPLEMENT - re 25 Amended Complaint. (mmm) (Entered: 10/26/2007) |
| 10/25/2007 | 28 | Letter to Clerk of Court from Joni L. Johnson regarding access to law library. (Attachments: # 1)(mmm) (Entered: 10/26/2007) |
| 10/31/2007 | 29 | Letter to Clerk of Court from Joni Johnson regarding Updated Memorandum of Events. (mmm) (Entered: 11/01/2007) |
| 11/05/2007 | 30 | Letter to Judge Gregory M. Sleet dated October 28, 2007, from Joni L. Johnson regarding update re law library. (mmm) (Entered: 11/05/2007) |
| 11/05/2007 | 31 | Letter to Judge Gregory M. Sleet dated October 29, 2007, from Joni L. Johnson regarding update re law library. (mmm) (Entered: 11/05/2007) |
| 11/05/2007 | 32 | MEMORANDUM and ORDER granting in part and denying in part 1 Motion for Preliminary Injunction. Signed by Judge Gregory M. Sleet on 11/5/07. (mmm) (Entered: 11/05/2007) |
| 11/09/2007 | 33 | Letter to Clerkof Court from Joni L. Johnson regarding requesting a copy re 32 Order on Motion for Preliminary Injunction. (mmm) (Entered: 11/09/2007) |
| 11/09/2007 | | EXIT 32 to the plaintiff on 11/9/07. (mmm) (Entered: 11/09/2007) |
| 11/16/2007 | 34 | Letter to Clerk of Court from Joni L. Johnson regarding request for 32, an updated docket sheet and a copy of the Local Rules. (mmm) Additional attachment(s) added on 11/20/2007 (mmm, ). (Entered: 11/20/2007) |
| 11/26/2007 | 35 | MEMORANDUM AND ORDER granting 24 MOTION to Amend/Correct filed by Joni L. Johnson as therein set forth. Signed by Judge Gregory M. Sleet on 11/26/07. (mmm) (Entered: 11/26/2007) |

## PACER Service Center

| Transaction Receipt | | | |
| --- | --- | --- | --- |
| 12/06/2007 13:15:48 | | | |
| **PACER Login:** | dj0024 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:07-cv-00394-GMS Start date: 1/1/1970 End date: 12/6/2007 |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JONI L. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-394-GMS |
| | ) |
| JOSEPH BIDEN, JR., COMMISSIONER | ) |
| CARL DANBERG, BUREAU CHIEF | ) |
| RICK KEARNY, WARDEN PATRICK | ) |
| RYAN, COLLEEN SHOTZBURGER, | ) |
| MS. RUSSEL, and MR. O'CONNOR, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

## I. BACKGROUND

The plaintiff, Joni L. Johnson ("Johnson"), an inmate housed at the Delores J. Baylor

Women's Correctional Institution ("BWCI"), moves the court for a preliminary injunction

seeking access to the law library. (D.I. 1.)  She filed her lawsuit on June 14, 2007, seeking

injunctive relief. *Id.*  On October 11, 2007, the court ordered the defendants to respond to the

motion for injunctive relief and a timely response was filed on October 18, 2007. (D.I. 14, 16.)

Johnson has filed numerous documents to support her pending motion. (D.I. 2, 6, 7, 18, 19, 21,

28, 29.)

## II. STANDARD OF REVIEW

When considering a motion for a temporary restraining order or preliminary injunction,

plaintiff must demonstrate that she is (1) likely to succeed on the merits; (2) denial will result in

irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants;

and, (4) granting the injunction is in the public interest. *Maldonado v. Houstoun*, 157 F.3d 179,

184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a

remote future injury, or a future invasion of rights," *Continental Group, Inc. v. Amoco Chems.*

*Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)(quoting *Holiday Inns of Am., Inc. v. B & B Corp.*, 409

F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of

suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling*

*Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985).

Prisoners must be allowed "adequate, effective and meaningful" access to the courts.

*Bounds v. Smith*, 430 U.S. 817, 822 (1977) (holding that prisons must give inmates access to law

libraries or direct legal assistance). A violation of the First Amendment right of access to the

courts is only established where a litigant shows that he was actually injured by the alleged denial

of access. The actual injury requirement is a constitutional prerequisite to suit. *Lewis v. Casey*,

518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U .S. 403, 415 (2002) (explaining that

the constitutional right of access is "ancillary to the underlying claim, without which a plaintiff

cannot have suffered injury by being shut out of court"). An actual injury is shown only where a

nonfrivolous, arguable claim is lost. *Christopher,* 536 U.S. at 415.

## III. DISCUSSION

Johnson  alleges that she has a pending appeal of her state criminal conviction and

sentence and is not allowed appropriate time in the law library to prosecute her appeal. Johnson

advises that she is proceeding *pro se* on her direct appeal, but documentation indicates she has

court appointed counsel. Johnson also alleges that she is working on filing various § 1983

lawsuits and, again, is not being given adequate time in the law library. She asks that the

defendants provide her with a "special circumstances" law library schedule. Finally, Johnson

alleges her legal work has been confiscated and the law library refuses to make photocopies for her. Johnson alleges she has submitted multiple grievance "as high up as the Commissioner," but all requests have gone unanswered.

Johnson indicated in a letter to the clerk of the court, filed July 5, 2007, that she had a July 9, 2007 court deadline with the Delaware Supreme Court. (D.I. 6.) A document filed July 10, 2007, states that Johnson is fighting court deadlines until appointment of new counsel on direct appeal before the Delaware Superior Court, Case No. 319, 2007. (D.I. 7.) In that document Johnson requests a set law library schedule of three days per week, four to six hours per day. (*Id.*) She indicates she was allowed four hours the previous week, but that the law library refuses to commit to a set schedule. (*Id.*)

The defendants responded to Johnson's allegations and submitted documentation indicating that Johnson has visited the law library or received assistance from the BWCI law library on numerous occasions since July 2006, as follows: July 18 and 20, 2006, April 3, 9, 17, and 20, May 23, June 1, 11, and 19, 2007. The defendants' response indicates that Johnson continued to receive legal assistance subsequent to filing the of her motion for injunctive relief, as follows: July 3 and 6, August 22 , 24, and 28, September 5, 7, and 17, October 2, 5, 9, 10 and 17, 2007.[1] (D.I. 16, Ex. C.).

Following the defendants' response, Johnson filed several "updates" with the court. The first, dated October 12, 2007, advised that she was told by prison officials she would not receive more time in the library than anyone else (i.e., one visit every four to six weeks, one to two hours per visit). (D.I. 21.) An "update" dated October 14, 2007, advised that Johnson is "banished"

---

[1] Johnson was a no show for her law library appointments on several occasions due to court appearances and medical issues.

from the law library. (D.I. 18.) An "update" dated October 15, 2007, similarly advises of her

"banishment" from the law library, and that she has a November 16, 2007 court deadline to file a

brief in Case No. 319, 2007, before the Delaware Supreme Court. (D.I. 29.) The October 15,

2007 "update" includes exhibits indicating that as of October 9, 2007, Johnson was represented

by counsel in Case No. 319, 2007, even though she is "unhappy" about his representation. (*Id.* at

Exs.) Johnson submitted another filing dated October 23, 2007, stating that her motion for

injunctive relief had been denied and that she is again being denied access to the law library.[2]

(D.I. 28.) At the same time she submitted numerous exhibits dated from March 22, 2007, to July

4, 2007, documenting her requests for additional law library time. (*Id.*) Finally, Johnson

submitted letters on October 28 and 29, 2007 indicating that her counsel on appeal is "missing in

action," mail she sends him is being returned, she has been advised that she cannot get appointed

counsel on appeal, and her opening brief is due on November 16, 2007.

## IV. CONCLUSION

Upon review of the allegations made by Johnson and the response and documentation

submitted by Johnson and the defendants, the court concludes that, at this early stage of the

litigation, Johnson has not demonstrated the likelihood of success on the merits. Nevertheless,

given the fact that Johnson advises the court she is banished from the law library, her attorney on

direct appeal is missing in action, and she has a looming deadline before the Delaware Supreme

Court her motion for injunctive relief (D.I. 1) is **GRANTED** to the extent that the defendants are

**ORDERED** to provide Johnson with **four hours** of law library time each week for the weeks of

November 4th and November 11th, 2007, so that Johnson may meet her November 16, 2007

---

[2]This is the first order issued ruling on Johnson's motion for injunctive relief.

deadline, and **DENIED** in all other respects.

CHIEF, UNITED STATES DISTRICT JUDGE

DATED: _____

FILED

NOV − 5 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JONI L. JOHNSON,                        )
                                        )
            Plaintiff,                  )
                                        )
     v.                                 ) Civ. Action No. 07-394-GMS
                                        )
JOSEPH BIDEN, JR., COMMISSIONER         )
CARL DANBERG, BUREAU CHIEF              )
RICK KEARNY, WARDEN PATRICK             )
RYAN, COLLEEN SHOTZBURGER,              )
MS. RUSSEL, and MR. O'CONNOR,           )
                                        )
            Defendants.                 )

## MEMORANDUM

The plaintiff, Joni L. Johnson ("Johnson"), an inmate at the Delores J. Baylor Women's

Correctional Institution ("BWCI"), filed this lawsuit pursuant to 42 U.S.C. § 1983. She appears

*pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

(D.I. 9.) Johnson filed her cause of action as a motion for injunctive relief, but the filing also

seeks compensation for the defendants' alleged failure to recognize the U.S. Constitution. (D.I.

1.) She recently filed an amended complaint with supplement. (D.I. 25, 27.) The court now

proceeds to review and screen the amended complaint pursuant to 28 U.S.C. § 1915 and §

1915A.

## I. BACKGROUND

Initially, the court notes that Johnson has a pending motion to correct the caption of the

complaint to change the name of the defendant, Joseph Biden, Jr., to Joseph Biden, III. (D.I. 24.)

The court will grant the motion. In the caption of the amended complaint, Johnson names as the

defendants Delaware Attorney General, Joseph Biden, III, ("AG Biden"), Department of

Correction Commissioner, Carl Danberg ("Commissioner Danberg"), and Chief of the Bureau of Prisons, Rick Kearney ("Kearney"). The caption states, "further defendants attached," but there is no such attachment and other court documents filed by Johnson do not have an attachment listing additional defendants. Johnson's initial filing, however, named as defendants AG Biden, Commissioner Danberg, Kearney, Warden Patrick Ryan ("Warden Ryan"), Colleen Shotzburger ("Shotzburger"), Ms. Russel ("Russel"), and Mr. O'Connor ("O'Connor"). Allegations in the amended complaint raise claims against C/O Hicks ("Hicks"), and Cpl. Brown ("Brown").[1] Accordingly, the court will consider the foregoing as defendants in this matter. (D.I. 1.)

Johnson alleges violations of various constitutional rights. She categorizes them as: 1) denial of adequate access to the law library; 2) unlawful conditions of confinement including safety hazards, food service/dietary needs, lack of exercise, overcrowding, staff retaliation, potential of violence caused or carried out by staff, fire hazards, and staff misconduct; 3) housing of mentally ill inmates with general population inmates; 4) denial of religious rights; and 5) denial of the right to due process.[2] (D.I. 27.) The amended complaint seeks only injunctive relief.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and §

---

[1] The Clerk of the Court will be directed to add as defendants C/O Hicks and Cpl. Brown.

[2] In reviewing the complaint the court notes that, based upon the allegations, many of the claims should be categorized differently.

1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is
frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary
relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable
basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the
standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v.
Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007)
(citing *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual
allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson
v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406
(2002). Additionally, a complaint must contain "'a short and plain statement of the claim
showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what
the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127
S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A complaint does
not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of
his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual
allegations must be enough to raise a right to relief above the speculative level on the assumption
that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.*
(citations omitted).

Because the plaintiff proceeds *pro se*, her pleading is liberally construed and her
complaint, "however inartfully pleaded, must be held to less stringent standards than formal

-3-

pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## III.  DISCUSSION

### A.  Access to the Courts

Plaintiff alleges that the staff at BWCI, law librarian O'Connor, senior classification officer Shotzburger, and Warden Ryan have hindered her multiple attempts to have adequate time in the prison law library for research and preparation of documents. (D.I. 25, I.) Johnson alleges that she was visited by her criminal defense counsel on May 31, 2007, who informed her that she was being declared a habitual offender by the State pursuant to 11 Del. Code. § 4214(a)[3] and that she was scheduled for a hearing the following Monday. Plaintiff alleges that one of the felony "three strikes" relied upon was actually a misdemeanor, not a felony, and she immediately requested a visit to the law library to research the issue. She infers, but does not allege, that she was not allowed to go to the law library.

Johnson alleges that her attorney erroneously relied upon the State's representation that all Johnson's convictions were felonies. Johnson alleges that, as a result, she entered her guilty plea based upon erroneous information and legal advice causing her to be wrongfully convicted under the habitual offender statute.[4]  Johnson alleges she is now proceeding on appeal without benefit of counsel because she refuses to accept any representation from her defense counsel.

---

[3]The habitual offender statute states in part that any person "who has been 2 times convicted" of a felony specified in the statute must be sentenced to life imprisonment upon a third felony conviction. 11 Del. Code § 4214(b).

[4]Johnson's claim more closely resembles an attack on the effectiveness of her defense counsel.

Johnson alleges that due to the foregoing, she needs "special circumstances" time in the law library to perfect her appeal. Johnson also alleges she needs time in the law library to work on the filing of a civil rights lawsuit.

She further Johnson that she was kept out of the law library half of the month of April, all of May, and from early June 2007 until September 2007. She alleges that Commissioner Danberg and Kearny denied grievances she submitted on the issue. She further alleges that Warden Ryan is firm she will not receive "special circumstances" law library time even though she needs adequate access to complete her pleadings, research, and preparation.

Prisoners must be allowed "adequate, effective and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977) (holding that prisons must give inmates access to law libraries or direct legal assistance). A violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured by the alleged denial of access. The actual injury requirement is a constitutional prerequisite to suit. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U .S. 403, 415 (2002) (explaining that the constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court"). An actual injury is shown only where a nonfrivolous, arguable claim is lost. *Christopher,* 536 U.S. at 415.

Johnson is not satisfied with the amount of time she is allowed to spend in the law library. While her time there has been sporadic, the allegations indicate that she has not been deprived of law library access. Indeed, Johnson is clear that she wants "special circumstances" time in the law library, meaning more time than is normally provided to inmates. Notably, Johnson alleges no actual injury. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). Even though

she is critical of her representation, she had counsel in her State criminal action, and apparently relied upon his advice in entering her guilty plea. Johnson could have voiced her misgivings regarding the three felony convictions during her change of plea hearing. Moreover, there is no indication she has missed any court deadlines or has been hindered in her efforts to pursue a legal claim. Indeed, she has filed many motions in her State criminal action and has appealed the matter. Additionally, on November 5, 2007, the court granted, in part, Johnson's motion for injunctive relief, solely for the purpose to assist her in meeting a November 16, 2007 court deadline in the Delaware Supreme Court. (D.I. 32.) Finally, Johnson's recent filings in this matter indicate that she has been able to file an amended complaint, as well as numerous other filings in pursuit of her civil rights claim. Accordingly, the court will dismiss without prejudice the access to the courts claim against O'Connor, Shotzburger, Warden Ryan, Commissioner Danberg, and Kearney for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## B. Retaliation

Johnson raises several claims of retaliation. She alleges that once the "administration" learned that she was preparing to file a civil rights lawsuit she was restricted from law library access. (D.I. 25, I.) She alleges the refusal to allow her law library access was "done by non-response to her multiple requests and filing of grievances." She alleges that on June 11, 2007, she was falsely accused of stealing a book from the law library, and the charge was used as a reason to deny her access to the law library until September 2007. Plaintiff alleges that Warden Ryan and Shotzburger used this as a means to hinder her from completing her civil rights law suit. She alleges retaliation also resulted in restricted law library use when she sent complaint

-6-

letters to Commissioner Danberg. (*Id.* at II, ¶ E.5.)

Johnson alleges Cpl. Brown ("Brown"), her superiors and Sgt. Porter ("Porter") retaliated against her in July 2007 when they told a van full of inmates about her criminal charges and made "innuendo of prejudicial treatment." (D.I. 25, II, ¶ E.)

Johnson alleges several acts of retaliation by Hicks following a grievance she filed against him, as follows: Hicks threatened her with disciplinary punishment; he told Johnson's mentally ill cellmate that Johnson was a snitch; he gave Johnson's mentally ill cellmate a cup of bleach and induced the inmate to harm Johnson; he failed to prevent the mentally ill cellmate from pouring bleach into Johnson's CPAP[5] machine; he failed to prevent another cellmate from cutting the hose on Johnson's CPAP machine and allowed the cellmate to take Johnson's personal property while she was hospitalized; and Hicks slept seven out of the eight hours during his assignment to guard Johnson while she was hospitalized. (D.I. 25, II, ¶ F.)

The amended complaint contains allegations of other retaliatory acts, none of which were directed towards plaintiff. (D.I. 25, II, ¶¶ E.1-4.) Johnson must allege personal injury fairly traceable to the defendants' allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). Also, "a plaintiff must demonstrate standing separately for each form of relief sought." *DaimlerChrysler Corp. v. Cuno*, – U.S.–, 126 S.Ct. 1854, 1867 (2006)(citations omitted). The court will dismiss the just mentioned claims for lack of standing.

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." *White v. Napoleon,* 897 F.2d 103,

---

[5]continuous positive airway pressure.

111-12 (3d Cir. 1990). It has long been established that the First Amendment bars retaliation for protected speech. *See Crawford-El v. Britton,* 523 U.S. 574, 592 (1998); *Milhouse v. Carlson,* 652 F.2d 371, 373-74 (3d Cir. 1981). Proof of a retaliation claim requires that Johnson demonstrate (1) she engaged in protected activity; (2) she was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. *Anderson v. Davila,* 125 F.3d 148, 160-61 (3d Cir. 1997) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U. S. 274 (1977); *see also Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000) (a fact finder could conclude that retaliatory placement in administrative confinement would "deter a person of ordinary firmness from exercising his First Amendment rights" (citations omitted)).

Applying the retaliation standard and construing the amended complaint liberally, Johnson has stated claims of retaliation for her exercise of a First Amendment right against. Indeed, in light of her assertions, it may be inferred that she was the object of retaliation because of speaking out against what she perceived to be improper denial of access to the law library and for filing grievances. Therefore, Johnson will be allowed to proceed with the retaliation claims against the defendants Warden Ryan, Shotzburger, Commissioner Danberg, and Hicks. The court will dismiss the remaining retaliation claims as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## C. Due Process

Johnson alleges that she was charged with theft, found guilty, and, as a sanction, placed in maximum security for six to twelve months. (D.I. 25, I.) Plaintiff alleges she has never seen the report, been served or had a hearing on the issue, but she was sanctioned to remain in "max hall"

for one year. (D.I. 27.) A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.,* 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir. 1978)). Johnson does not indicate who is responsible for the alleged constitutional violation. Even if she had, her claim does not rise to the level of a constitutional violation. It is axiomatic that to be entitled to procedural due process protections as set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974), a prisoner must be deprived of a liberty interest. *See Wolff,* 418 U.S. at 557-558. The Third Circuit has held that a state prisoner's confinement in administrative segregation for 15 months did not impose an atypical and significant hardship on the prisoner. *Griffin v. Vaughn*, 112 F.3d 703, 706-09 (3d Cir. 1997); *see Sack v. Canino*, No. Civ. A. 95-1412, 1995 WL 498709, *1 (E.D. Pa. Aug. 21, 1995)(assuming that the plaintiff was not afforded the protections called for by *Wolff*, because the sanction of 30 days disciplinary confinement did not implicate a liberty interest, such infraction did not violate the plaintiff's due process rights). Therefore, the court will dismiss without prejudice the due process claim as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### D. Grievances

Johnson alleges that she wrote letters regarding her former cellmate to Internal Affairs, Warden Ryan, Commissioner Danberg, and Kearney with no response. (D.I. 25, II, ¶ F.) She also spoke to Capt. Repetti, Cpt. Snead, Lt. Smith, and Cpl. Woodson about her problems with her former cellmate and Hicks, to no avail. Finally, Johnson alleges that she filed multiple grievances regarding the problems but nothing was done and the issue was not addressed.

The filing of a prison grievance is a constitutionally protected activity. *Robinson v. Taylor*, No. 05-4492, 2006 WL 3203900, at \*1 (3d Cir. Nov. 7, 2006). Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances. *Booth v. King*, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004). This is because inmates do not have a constitutionally protected right to a grievance procedure.

Johnson's grievance claims fail to state a claim upon which relief may be granted. Therefore, the court will dismiss them without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### E. Conditions of Confinement

Johnson alleges that the conditions of confinement at BWCI amount to cruel and unusual punishment. More particularly, she alleges the institution's conditions of mold, dust, rust, stair railings, floors, spiders, other bugs and mice, shower bugs, showers, MRSA[6], HIV and hepatitis, inadequate safety locks, lack of running water/toilets, ventilation, denial of fans, ceiling tiles, cleaning supplies, laundry facilities, worms, inadequate drainage, and lack of fire hoses and sprinklers in the cells violate her Eight Amendment right against cruel and unusual punishment. (D.I. 25, II, ¶¶ A1-20, G.) She also alleges that the food service does not provide a nutritionally adequate or sanitary diet which causes rapid weight gain, inmates are not provided exercise time, and the prison is overcrowded. (D.I. 25, II, ¶¶ B-D.)

A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of

---

[6]methicillin-resistant staphylococcus aureus

minimal civilized measure of the necessities of life. *See Hudson v. McMillian*, 503 U.S. 1, 8

(1992); *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). When an Eighth Amendment claim is

brought against a prison official it must meet two requirements: (1) the deprivation alleged must

be, objectively, sufficiently serious; and (2) the prison official must have been deliberately

indifferent to the inmate's health or safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

Deliberate indifference is a subjective standard in that the prison official must actually have

known or been aware of the excessive risk to inmate safety. *Beers-Capitol v. Whetzel*, 256 F.3d

120, 125 (3d Cir. 2001).

Initially, the court notes that Johnson does not have standing for many of the conditions

of confinement claims she raises. Also, the amended complaint fails to allege who is responsible

for the alleged conditions of confinement. Accordingly, the court will dismiss the conditions of

confinement claims as set forth above for failure to state a claim upon which relief may be

granted. Plaintiff, however, will be given leave to amend said claims.

### F. Excessive Force

In July 2006, Johnson was transported from the Kent County Courthouse to BWCI. She

alleges that Brown placed restraints on her too tightly, and that Brown jerked the handcuffs over

Johnson's wrist causing immediate excruciating pain, swelling, and discoloration. (D.I. 25, II, ¶

E.) Johnson received medical treatment and an x-ray disclosed a cracked wrist. Johnson's

second claim of excessive force alleges that staff members use cap-stun (i.e., mace) on inmates

without full justification or need. (D.I. 25, II. ¶ H.1-3.)

When analyzing an excessive force claim under the Eighth Amendment, the court must

determine "whether the force was applied in a good faith effort to maintain or restore discipline

-11-

or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (citations omitted). Use of force is actionable under § 1983 when it exceeds "that which is reasonable and necessary under the circumstances." *Davidson v. O'Lone*, 752 F.2d 817, 827 (3d Cir. 1984). The court must determine whether the force was applied in good faith by weighing the following factors: (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, (4) the threat reasonably perceived by the responsible officials, and (5) the efforts made to temper the severity of a forceful response. *Davis v. Carroll*, 390 F. Supp. 2d 415, 419 (D. Del. 2005) (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

Johnson has adequately stated an excessive force claim against Brown. She has not, however, stated an excessive force claim regarding the excessive use of cap-stun. The allegations do not indicate that the cap-stun was used against her but, rather, alleges that it was used against other inmates at BWCI. Therefore, Johnson will be allowed to proceed with the excessive force claim against Brown. The court will dismiss the cap-stun claim for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### G. Internet Use

Plaintiff alleges the Correction staff spends most of the day on the internet, leaving inmates unattended. (D.I. 25, II, ¶ H.4.) The allegations do not rise to the level of a constitutional violation and will be dismissed as frivolous.

### H. Verbal Abuse

Johnson alleges that Officer Warren made a joke of her when she asked him to write a

-12-

work order for a loose stair railing. (D.I. 25, II, ¶ H.5.) Verbal abuse and harassment does not

rise to the level of a constitutional violation. *See Murray v. Woodburn,* 809 F. Supp. 383, 384

(E.D. Pa. 1993); *see also McBride v. Deer,* 240 F.3d 1287, 1291 (10th Cir. 2001) (taunts and

threats are not an Eighth Amendment violation); *Prisoners' Legal Ass'n v. Roberson,* 822 F.

Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not violate inmate's constitutional rights).

Similarly, allegations that prison personnel have used threatening language and gestures are not

cognizable claims under § 1983. *Collins v. Cundy,* 603 F.2d 825 (10th Cir. 1979) (defendant

laughed at prisoner and threatened to hang him). Therefore, the court will dismiss the claim for

failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)

and § 1915A(b)(1).

### I. Housing/Cell Assignments

Johnson alleges that BWCI houses inmates with serious mental disorders who are

"grouped together" with inmates who have minor disorders. (D.I. 25, III.) Johnson alleges she

was housed in a locked cell with a known violent mentally ill inmate and this "almost cost"

Johnson her life, face and/or eyesight. The allegations fail to state a claim upon which relief may

be granted inasmuch as Johnson has not alleged a constitutional violation based upon her housing

assignment.

"A protected liberty interest may arise from only one of two sources: the Due Process

Clause or the laws of a state." *Asquith v. Dep't of Corr.*, 186 F.3d 407, 409 (3d Cir. 1999).

Generally, prisoners under confinement do not have inherent liberty interests in particular modes,

places, or features of confinement. *See Hewitt v. Helms,* 459 U.S. 460, 466-68 (1983), *abrogated*

*by Sandin v. Conner,* 515 U.S. 472, 483 (1995). "As long as the conditions or degree of

-13-

confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not itself subject an inmate's treatment by prison authorities to judicial oversight." *Id.* at 468; *see also Asquith*, 186 F.3d at 410. Finally, the court notes that there are no allegations that Johnson was injured in anyway as a result of being housed with a mentally ill inmate. Rather, Johnson alleges she was "almost" injured. Therefore, the court will dismiss the claim for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## J. Religion

Johnson alleges that inmates are denied their right to free practice of religion. More particularly she alleges that an unnamed inmate is not permitted to attend church services, Unit 8 inmates are permanently denied religious access, and that "Christianity and Muslim" are the only two religions allowed at BWCI.

When a prisoner claims that her right to exercise religion has been curtailed, a court must determine as a threshold matter whether the prisoner has alleged a belief that is "both sincerely held and religious in nature." *DeHart v. Horn*, 227 F.3d 47, 51 (3d Cir. 2000). If so, the court must then apply the four-factor test set forth in *Turner v. Safley,* 482 U.S. 78 (1987), to determine whether the curtailment at issue is "reasonably related to penological interests." *DeHart,* 227 F.3d at 51. Johnson has not alleged her religion, nor has she alleged both the manner in which she sought to exercise it, and the manner in which defendants prevented her from doing so. She has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the religion claim for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

-14-

## K. Respondeat Superior

Johnson names AG Biden and Kearny as defendants, apparently based upon their supervisory positions. She names Russel, a treatment services counselor at BWCI, in her first filing, but there are no allegations against her in the amended complaint. She makes general allegations that correction officers are unconcerned about the possibility of a grievance being filed against them because their superiors do nothing to reprimand or correct unprofessional and inappropriate behavior. (D.I. 25, II, ¶H.6.)

Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

The amended complaint contains no allegations against Biden and Russel. Also, there is nothing in the amended complaint to indicate that Biden and Kearny were the driving force behind the conduct described in Johnson's allegations. Moreover, the amended complaint does not indicate that either Biden or Kearny were aware of Johnson's allegations and remained "deliberately indifferent" to her plight. *Sample v. Diecks*, 885 F.2d at 1118. Therefore, the court will dismiss without prejudice the claims against Biden, Kearny, and Russel pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

-15-

## IV. CONCLUSION

Based upon the foregoing analysis, the court will grant Johnson's motion to amend the caption of the complaint. The court will direct the clerk of the court to add as defendants Hicks and Brown. Johnson will be allowed to proceed with the retaliation claim against the defendants Commissioner Danberg, Warden Ryan, Shotzbuger, and Hicks and the excessive force claim against Brown. The court will dismiss without prejudice the following claims: the access to the courts claim against O'Connor, Shotzburger, Warden Ryan, Commissioner Danberg, and Kearney; the retaliation claims against Brown and Porter and those found at D.I. 25, II., paragraphs E.1. through E.4.; the due process claims; the grievance claims; the conditions of confinement claims found at D.I. 25, II., paragraphs A.1. through A.20., and paragraphs B through D; the excessive force cap-stun claim; the internet use claim; the verbal abuse claim; the housing/cell claim; the religion claim; and all claims against the defendants Biden, Kearny, Russel, and O'Conner as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Johnson will be given leave to amend the complaint only as to the conditions of confinement claim. An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_Nov. 26_ , 2007

Wilmington, Delaware



FILED

NOV 26 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

-16-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JONI L. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-394-GMS |
| | ) |
| JOSEPH BIDEN, JR., COMMISSIONER | ) |
| CARL DANBERG, BUREAU CHIEF | ) |
| RICK KEARNY, WARDEN PATRICK | ) |
| RYAN, COLLEEN SHOTZBURGER, | ) |
| MS. RUSSEL, and MR. O'CONNOR, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 26th day of November, 2007, for the reasons set forth in the

Memorandum issued this date,

1. The motion to amend the caption of the complaint (D.I. 24) is **granted**.

2. The clerk of the court is directed to add as defendants C/O Hicks and Cpl. Brown.

3. The following claims are **dismissed** without prejudice as frivolous and for failure to

state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1): the access to the courts claim against Mr. O'Connor, Colleen Shotzburger, Warden

Patrick Ryan, Commissioner Carl Danberg, and Bureau Chief Rick Kearney; the retaliation

claims against Cpl. Brown and Sgt. Porter and those found at D.I. 25, II., paragraphs E.1. through

E.4.; the due process claims; the grievance claims; the conditions of confinement claims found at

D.I. 25, II., paragraphs A.1. through A.20., and paragraphs B through D; the excessive force cap-

stun claim; the internet use claim; the verbal abuse claim; the housing/cell claim; the religion

claim; and all remaining claims against the defendants Delaware Attorney Joseph Biden, III,

Bureau Chief Rick Kearny, and Ms. Russel. Biden, Kearney, Russel, and O'Conner are **dismissed** from the case.

    4.  Johnson is given leave to file a first amended complaint only as to conditions of confinement claim. The first amended complaint shall be filed within **30 days** from the date of this order.

    5. The court has identified cognizable retaliation clams within the meaning of 28 U.S.C. § 1915A(b) against the defendants Commissioner Carl Danberg, Warden Patrick Ryan, Colleen Shotzburger, and C/O Hicks and a cognizable excessive force claim within the meaning of 28 U.S.C. § 1915A(b) against the defendant Cpl. Brown. Johnson is allowed to **proceed** with the foregoing claims against these defendants.

    6. If a first amended complaint is not filed within the time allowed, then the case will proceed on the amended complaint (D.I. 25) against the defendants Commissioner Carl Danberg, Warden Patrick Ryan, Colleen Shotzburger, C/O Hicks, and Cpl. Brown.

CHIEF UNITED STATES DISTRICT JUDGE

FILED

NOV 26 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE