United States District Court
District of Delaware

In Re:

Joni L. Johnson
π

v.

Carl Danberg, D.O.C. Commissioner; Patrick Ryan, B.W.C.I. Warden; Colleen Shotzburger, Treatment Services; Cpl L. Brown, C+T Transport; And C.O. Anthony Hicks.

07:394:GMS

Prisoner suit
42 USC § 1983

FILED
JUN 18 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Petition For Order to Show Cause for Preliminary Injunction And/or Temporary Restraining Order

Comes Now, Joni L Johnson, π In prose in the above captioned matter and with supporting Affidavit of π with this memorandum of Law and Fact submit to this Honorable Court to grant relief in that:

1. On or about June 18, 2007 π filed motion for Preliminary Injunction, followed by leave to proceed in forma pauperis. On or about Oct. 11, 2007 Δ's were ordered to Respond.

2. On or About November 5, 2007 This Honorable Court issued an order Requiring Adequate Law library Access for the month of November At 4 Hours per week. Δ's over compensated for the required Court Action.

3. On or About November 26, 2007 This Honorable Court issued An order that dismissed several complaints in The prisoner complaint, including the Access to the Courts issue, Whereas, π claimed that she was not given Ample time in the law library to prepare, Research & copy legal Documents. In the same order, This Honorable Court, through that same stringent screening process Allowed the π to continue with her claims of excessive Force, Retaliation, And conditions of the building. Δ's Kearney, Russel were dismissed as Δ's, As was Law Librarian George O'connor (without prejudice); C/O Anthony Hicks, Corrections officer, B.W.C.I And Corporal L. Brown, Court & Transit (C&T) officer were included as Δ's.

4  On April 15, 2008, A Service order Issued, Requiring π to forward to

This Honorable Court U.S. Marshal Form 285's for the Remaining (5) Δ's, plus one to the Attorney General with the Complaint, Supplement and First Amended Complaint.

5. π has prepared a Chronology of events to support the Retaliation Claim, but has been unable to Acquire photo copies for Service, as well as copies of the Complaint, Supplement + First Amended Complaint. π has Supporting documents as well.

6. In the beginning of this Prisoner Suit, π Requested the court to order "Special" Circumstances time in the Law Library, so to complete Research, preparation + copies of 42 USC § 1983; Delaware Supreme Court Direct Appeal + Disciplinary Appeal Research + Preparation. π was Granted the Special time to meet a Court deadline (4 Hrs /wk x 2).

7. After the initial Court order, granting π Access to the Law Library, then Δ George O'Connor was overly + pleasantly cooperative through the month of December 2007 and into January 2008. The Law Library issue was Dismissed "Accordingly", as a matter of "Access to the Courts".

8. On or about January 24, 2008 π was served by Captain Snead, Valerie BWCI 4-12 shift commander w/ Disciplinary Report dated June 11, 2007 Alleging "theft of A Legal Book that π was ultimately found "Not Guilty" of.

9. Ex-Δ O'connors cooperation w/ Research & photo copies ended Abruptly on or about January 24, 2008, whereas she was not given photo copy or Law Library time until Feb. 22, 2008. During the February 22, 2008 visit to the Law Library, π was given some copies that were needed to send to her criminal Appeal Attorney. George O'Connor was Agitated w/ π during the 2/22/08 visit And even made prejudicial innuendo regarding Capt Snead finding π "Not Guilty" of "the Stolen Law Book saga."

10. ex-Δ O'connor reverted back to an old pattern of sporadic Law Library visits And photocopy limitations. Since that time period, which consequently fell exactly concurrent w/ 8 month old Disc. Report. George O'connor has begun limiting π Access — in Retaliation — for various Administrative Acts by π towards Δ. He further has Displayed threatning violent temper episodes consistent w/ Bi-Polar Disorder

11. George O'Connor is fully aware of the chronology documents and exhibits that π needs to prepare (photocopy + Bind) to support her claims remaining on the prisoner suit 42 USC § 1983. George O'Connor told π that he would need to take the documents to Admin to copy on a larger machine. He kept stalling the project, that still has not been done, he now says it will Not Be Done.

12. Throughout the months of late February, all of March into April, May + now June 2008 the chronology has not been copied, nor have other supporting documents; And now there is a New Policy that inmates may only receive 20-25 copies per visit (1 x month for π) However, that Rule seems to only apply to or regarding documents prepared by π. Just as the over 2 months that went by as he stated he was "out of Toner" — many other I/m's were able to get copies, just other I/m's were able to get copies, just not the π, during that time period.

13) The new 20 page Rule was Not put into place until the week after π received the service order. It Also took π over a month to receive the 285 forms.

14. During the period of time that the prison allegedly had "No Toner" π wrote multiple letters to the court, the Warden + The Commissioner stating the need to make copies and have access to the Research materials. Again, O'Connor has been left to carry out the operations + procedures involving the law library, without interference, so he claims.

15. As Warden of this facility, Patrick Ryan is in charge of the day to day operations of BWCI, and, Colleen Shotzburger is in charge of the operations + policies in the treatment services area of the BWCI, which includes the Law Library inventory, operations + staffing. Carl Danberg is the Dept. of Corrections Commissioner and is responsible for the oversight of the Warden at the BWCI facility.

16. π has frustrated all attempts at the Administrative Remedy level to resolve the Law Library issues

-7-

17. George O'connor And the Administrator would be heard to Argue that due to State Budget And cost-cuts programs such as the Law Library, photocopies + supplies Access would be limited. However, by comparing dates + records involving the law library + photocopy issues, all seem to suspiciously reflect court order of Service and the NOT Guilty verdict referenced Above. At some point O'connor was claiming no toner, but supplying copies to I/m's while being told to keep it A secret. The Russian I/m Irina M. is of the inmates during that time period that was provided copies + unlimited Research time. *TT Has written statements from other I/m's that either witnessed or were told directly to not tell TT that they were getting copies.* After the Approximate two month period that TT was told "No Toner", And once the time that Allegedly there was Again toner - The BWCI law library only supplies 20-25 copies per month. This Rule was suspiciously implimated while TT was waiting to have the Chronology copied Since January 2008, As He/O'connor promised to do, yet delayed. By delaying the documents Needed to complete the process w/ exhibits - the procedures Required in 42 USC § 1983. The Delay is believed to be intentional.

by Administration to Await the ultimate implementation of the new limit Rule.

18. The issuance of a service order that Requires π to supply the 285 forms plus hard copies of the documents to be served on all 5 Δ's, the Atty General, the court and a courtesy copy for the Deputy A.G is unable to be carried out because of the intentional + convenient photocopy process.

19. George O'Connor has supplied π, with paper, pens + envelopes, as well as Notary services + last year w/ photo copy services that met Requirements.

20. There has never been a fee charged for Legal copy Access in any of the Department of Corrections facilities in Delaware.

21. There has never been the 20-25 page limit on photocopy documents in the Dept of Corrections facilities in Delaware.

22. The only requirement in the photocopy Access is that it must be "Legal" to qualify

## Authority

23. "π must demonstrate the need to copy specific legal documents, that either cannot be duplicated long hand & that those documents were to be filed with the Court as part of a Specific [Service order] & [Procedural Requirement] And that prison officials have denied the Request by or in Accordance with a policy promulgated by the Δ's, that the documents are relative & necessary to the particular case And ... by omitting them, π will not be able to complete the [Service order] Requirements as ordered by the Court. Canell v. Bradshaw, 840 F. Supp 1382 (D. Or 1993) & see Lewis v. Casey 518 U.S. 343 (1996).

24. As π is indigent & has been granted forma pauperis in this matter & she has nobody to take of this photocopy service on the outside, π is completely at the mercy of the mercy of the BWCI Administration.

25. The new methods of gaining access to the courts is strictly a plan promulgated by the Δ's to hinder π's ability to continue with her endeavor, which falls into a Category

(10)

of being deliberate + thought out with the intent to limit π's Ability to continue or complete her goals in 42 USC § 1983.

26. π is at a Disadvantage with being able to complete process because of having to hand-write multiple copies, No Access to carbon paper + limits on the Number of Sheets of paper she is given. The State has the A.G's office And computers w/ unlimited Access.

27. Accordingly, the deliberate actions in this matter fall directly in line with Obstruction of Justice because of that well thought out plan to intentionally hinder π's Ability to meet the Court Service Order Requirements by 8/15/2008.

28. π is not considering this document as a Second Amended complaint. Therefore, as George O'Connor was removed as a ∆ and, the ultimate Responsibility falls on the Warden of Tx Services — This document is Informational & a supporting Memorandum for any show cause or Injunctions or TRO's this Court may consider.

29. The Law Library policy Allows every I/m 2 days per week in the Law Library And provides photocopies in All Legal Actions necessary for pro se in A Prisoner Civil Rights Complaint.

30. The BWCI Administration has changed the Rules specifically to Hinder TJ from proceeding with Service. It has been two months since the order was issued & TJ still is being denied Adequate Access And Court ordered copies.

31. TJ is not claiming No Access to the Courts, she is stating that the Limits are A matter of Retaliation And Harassment.

32. There have been multiple Acts of Harassment And violent threats by Another Correctional officer And by more than one officer fabricating Deliberate threats that TJ has Never in her life done. (Shown in Chronology for Retaliation claim)

33. TJ Requests & prays for Appropriate Relief in this matter, so as to meet the Service order requirement.

Any Relief this Court deems Just And proper - And - that will Step in And Require or Resolve the Access to copies.

There is no way TJ can handwrite All such copies, especially in Consideration of the tendon & nerve damage to both wrists, hands & fingers.

Respectfully Submitted,
Joni L. Johnson

6/12/08

## Certificate of Service

I, Joni L. Johnson, II in this matter hereby swears that a true + correct hand copy of the foregoing has been placed in the prison mail box depository to

Catherine D'Amavandi, ESQ.
Deputy Attorney General
820 N. French St
Wilmington, DE 19801

on behalf of Carl Danberg, Commissioner

on June 12, 2008

*Joni Johnson*

# Joni Johnson
182823  unit 4
Baylor Womens Correctional Ins
660 Baylor Blvd
New Castle DE 19720

---

II, Joni Johnson submits this pleading as a memorandum of Law + fact and includes a factual basis within the memorandum as a statement —

6/12/08

*Joni L Johnson*