IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JONI L. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-394-GMS |
| | ) |
| COMMISSIONER CARL DANBERG, | ) |
| WARDEN PATRICK RYAN, | ) |
| COLLEEN SHOTZBURGER, | ) |
| C/O HICKS and CORPORAL BROWN, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

### I. BACKGROUND

The plaintiff, Joni L. Johnson ("Johnson"), an inmate housed at the Delores J. Baylor Women's Correctional Institution ("BWCI"), moves the court for a preliminary injunction for access to the courts. (D.I. 56.) The motion was filed on June 18, 2007. While not clear, it appears that Johnson was not being adequate access to the law library and wants the court to order the law library to provide her with sufficient photocopies so that she may effect service upon the defendants.

### II. STANDARD OF REVIEW

When considering a motion for a temporary restraining order or preliminary injunction, Johnson must demonstrate that she is (1) likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and, (4) granting the injunction is in the public interest. *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a

remote future injury, or a future invasion of rights," *Continental Group, Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)(quoting *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985).

### III. DISCUSSION

Several months after Johnson filed the pending motion she submitted numerous documents for service, albeit the wrong ones. *See* D.I. 64. It is obvious, therefore, that Johnson was provided with photocopy services by the law library. Consequently, her motion for injunctive relief is moot.

As discussed, Johnson submitted incorrect documents for service. Accordingly, on September 3, 2008, the court ordered Johnson to provide it with copies of the amended complaint (D.I. 25), supplement (D.I. 27), and first amended complaint (D.I. 40) for service upon the remaining defendants. The court provided Johnson with copies of the documents in an effort to assist her submission of the correct service documents. The documents were to be provided to the court no later than October 3, 2008. Johnson was warned that failure to comply with the order to timely submit the service copies would result in the case's dismissal without prejudice. To date the documents have not been provided.

NOW THEREFORE, IT IS HEREBY ORDERED this 9th day of Oct., 2008, that:

1. The motion for injunctive relief is **denied** as **moot**. (D.I. 56)

2. The complaint is **dismissed** without prejudice for the plaintiff's failure to comply with

the September 3, 2008 order requiring her to submit the required service copies. The clerk of the court shall **close** the case.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

FILED

OCT - 9 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE