IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JONI L. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-394-GMS |
| | ) |
| COMMISSIONER CARL DANBERG, | ) |
| WARDEN PATRICK RYAN, | ) |
| COLLEEN SHOTZBURGER, | ) |
| C/O HICKS, and CORPORAL BROWN, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

### I. BACKGROUND

The plaintiff, Joni L. Johnson ("Johnson"), an inmate housed at the Delores J. Baylor Women's Correctional Institution ("BWCI"), moves the court for a preliminary injunction to prevent Department of Correction ("DOC") employees from continuing to deprive her access to the courts, violating her right to privacy, and harassing her. (D.I. 94.) The defendants oppose the motion. (D.I. 95.)

### II. STANDARD OF REVIEW

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir.

1997) ("*NutraSweet I*") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (not published) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

## III. DISCUSSION

A shakedown of Johnson's cell took place on October 21, 2009, and legal documents were taken from her cell. Johnson states that she needs the legal documents to prepare for her legal cases, including preparation of a response to the defendants' answer. She contends that her personal items and legal documents were illegally confiscated. Johnson claims that, since the filing of this case, she has been the victim of harassment by DOC employees. The defendants respond that the shakedown took place after complaints that Johnson had sign an inmate's name to a legal document without her authorization and filed it in the State of Delaware court system. (D.I. 95.) The findings from the search of Johnson's cell included numerous legal papers belonging to other inmates which indicated that Johnson was operating a legal services business from the prison. On November 5 and 11, 2009, Johnson was cited with numerous violations of the DOC inmate code of conduct. Johnson responds that the complaint against her is a forgery. (D.I. 99.) On December 7, 2009, Johnson was found guilty of numerous disciplinary infractions. (D.I. 105.) The State defendants indicate that Johnson's confiscated documents were returned to

her on or about December 14, 2009, but documents relative to other inmates were not. (*Id.*) Johnson disagrees and indicates that not all of her legal documents, particularly those that pertain to her criminal case, were returned to her. (D.I. 106.)

Prisoners must be allowed "adequate, effective and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977) (holding that prisons must give inmates access to law libraries or direct legal assistance). "Many courts have found a cause of action for violation of the right of access stated where it was alleged that prison officials confiscated and/or destroyed legal materials." *Zilich v. Lucht*, 981 F.2d 694, 695 (3d Cir. 1992) (citations omitted).

A violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured by the alleged denial of access. The actual injury requirement is a constitutional prerequisite to suit. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (explaining that the constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court"). An actual injury is shown only where a nonfrivolous, arguable claim is lost. *Christopher,* 536 U.S. at 415. To state a valid retaliation claim, a prisoner must allege: "(1) constitutionally protected conduct; (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him."). *See Mitchell v. Horn,* 318 F.3d 523, 530 (3d Cir. 2003).

After reviewing the pleadings and exhibits submitted to the court, the court finds that Johnson has not demonstrated the requisites necessary for issuance of an order for injunctive relief, particularly the prongs requiring a demonstration of the likelihood of success on the merits

or a showing of irreparable harm.  However, given what appear to be the confiscation of voluminous documents, the defendants shall again review those confiscated documents not returned to Johnson to determine if any unreturned documents pertain to Johnson's legal cases.

NOW THEREFORE, IT IS HEREBY ORDERED this 26th day of _July_, 2010, that:

1. The plaintiff's motion for injunctive relief is **denied**. (D.I. 94.)

2. The defendants shall review those confiscated documents not returned to Johnson to determine if said documents pertain to Johnson's legal cases.  Within **thirty (30) days** from the date of this order, the defendants shall report to the court the findings of their review of the documents.

_____
CHIEF, UNITED STATES DISTRICT JUDGE