IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JONI L. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-394-GMS |
| | ) |
| COMMISSIONER CARL DANBERG, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

## I. INTRODUCTION

The plaintiff, Joni L. Johnson ("Johnson"), who proceeds *pro se*, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of her constitutional rights. At the time she filed the complaint, Johnson was incarcerated at the Delores J. Baylor Women's Correctional Institution ("BWCI"), New Castle, Delaware. She is now housed at the Women's Work Release Treatment Center ("WWRTC"), New Castle, Delaware. Before the court is the defendants' motion for summary judgment. (D.I. 122.) Johnson opposes the motion. For the reasons that follow, the court will grant in part and deny in part the motion for summary judgment.

## II. BACKGROUND

On June 18, 2007, Johnson filed this case as a motion for injunctive relief, but she also sought compensation for violations of her constitutional rights. (D.I. 1.) Thereafter Johnson amended the complaint, followed by a separate amended pleading after the defendants moved for a more definite statement. (D.I. 25, 27, 40, 89.)

Johnson alleges retaliation by the defendants Commissioner Carl Danberg ("Danberg"), former BWCI Warden Patrick Ryan ("Ryan"), BWCI Treatment Administrator Colleen Shotzburger ("Shotzburger"), and C/O Hicks ("Hicks") who restricted her law library access once they learned that she was going to file a lawsuit. (D.I. 25, § I. denial of adequate law library access.) In addition, Johnson alleges that Hicks retaliated against her subsequent to her filing a grievance against him. (*Id.* at ¶ II. prison conditions, ¶ F. potential of violence caused by or carried out by staff.) More specifically, Johnson alleges that after she observed Hicks' actions during an emergency at the BWCI, she submitted a grievance and stated, "I have more sense than Hicks and Richie put together." (D.I. 89, ¶19; D.I. 128 grievance No. 109872.) Plaintiff alleges that Hicks then retaliated against her by threatening to give her disciplinary write-ups and, in general, acting abusively towards her.

Johnson raises an excessive force claim against the defendant Corporal Brown ("Brown"), a court and transit officer and driver. The incident occurred in July 2006, while Johnson was in lock-up cell at the Kent County Courthouse.[1] Johnson was handcuffed and she alleges that Brown forced the handcuffs to tighten which caused Johnson's wrists to become bruised, swollen, bleeding and broken. (D.I. 89, ¶ 16.) Plaintiff was diagnosed with a hairline fracture.

Johnson also raises a conditions of confinement claim that the BWCI has mold, leaking roofs, rust shards, dust, spiders, gnats, worms and MRSA (i.e., Methicillin-resistant

---

[1] Johnson does not know the exact date.

Staphylococcus aureus). (D.I. 89, ¶¶ 20-25.) Johnson alleges the conditions exacerbate her chronic pulmonary disorder and asthma. (*Id.*) Johnson seeks compensatory damages.

The defendants move for summary judgment on the grounds that the claims against them in their official capacity are barred by reason of Eleventh Amendment immunity; the claims against Danberg, Ryan, and Shotzburger fail as they are named as defendants based upon their supervisory positions; there is no evidence of record that Danberg, Ryan, or Shotzburger retaliated against Johnson or that these defendants were personally involved or aware of the alleged conditions complained of by Johnson; qualified immunity provides Danberg, Ryan, and Shotzburger immunity from liability in their individual capacities; and Johnson failed to exhaust her administrative remedies as is required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e).

## III. STANDARD OF REVIEW

A grant of summary judgment is appropriate only where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). "When considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary

judgment;" a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotation marks omitted). Moreover, "the issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 248-49 (internal quotation marks omitted).

## IV. DISCUSSION

The defendants move for summary judgment on the grounds that Johnson has failed to exhaust her administrative remedies. Johnson responds that, from March 17, 2007 to November 15, 2007, she filed one hundred twenty-nine grievances and/or complaints regarding the inappropriate actions of the defendants, all of which were eventually forwarded to Danberg.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"). Defendants have the burden of pleading and proving failure to

exhaust administrative remedies as an affirmative defense in a § 1983 action. *Ray v. Kertes,* 285 F.3d 287, 295-96 (3d Cir. 2002).

Under § 1997e(a), "an inmate must exhaust [administrative remedies] irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner,* 532 U.S. 731, 741 n.6 (2001). Exhaustion means proper exhaustion, that is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo,* 548 U.S. 81, 88 (2006).

"[P]rison grievance procedures supply the yardstick for determining what steps are required for exhaustion." *Williams v. Beard,* 482 F.3d 637, 639 (3d Cir. 2007). A prisoner must complete the administrative review process in accordance with the applicable procedural rules in order to satisfy the exhaustion requirement of the PLRA. *Williams,* 482 F.3d at 639; *Spruill v. Gillis,* 372 F.3d 218, 228, 231 (3d Cir. 2004). Perfect overlap between the grievance and a complaint is not required by the PLRA as long as there is a shared factual basis between the two. *Woodford,* 548 U.S. at 95 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance"). A futility exception to the PLRA's mandatory exhaustion requirement is completely precluded. *Nyhuis v. Reno,* 204 F.3d 65, 71 (3d Cir. 2000). The exhaustion requirement is absolute, absent circumstances where no administrative remedy is available. *See Spruill,* 372 F.3d at 227-28; *Nyhuis,* 204 F.3d at 67. A grievance procedure is not available, even if one exists on paper, if the defendant prison officials somehow prevent a prisoner from using it. *Mitchell v. Horn,* 318 F.3d 523 (3d Cir. 2003). If prison authorities thwart the inmate's efforts to pursue the grievance, administrative

remedies may be presumed exhausted, as no further remedies are "available" to her. *Brown v. Croak*, 312 F.3d 109, 112-13 (3d Cir. 2002).

Delaware Department of Correction ("DOC") administrative procedures provide for a multi-tiered grievance and appeal process. (D.I. 135, ex. 4 DOC Policy 4.4 (revised May 15, 1998)). First, the prisoner must file a grievance within seven days with the Inmate Grievance Chair, for an attempt at informal resolution; second, if unresolved, the grievance is forwarded to the Grievance Resolution Committee for a determination, which is forwarded in turn to the Warden; and third, the Bureau Grievance Officer conducts the final level of review. *Id.*

The defendants provided the declaration of Captain Lesma Jones ("Jones"), a correctional captain at the BWCI who also serves as an inmate grievance chairperson. Jones reviewed all records of grievances and appeals filed by Johnson from 2007 to the present. According to Jones, Johnson submitted sixty-five grievances, but only one, grievance No. 160389, was appealed to Level III for a final decision. (D.I. 124.) The grievance is unrelated to the claims raised in the complaint.

Johnson's declaration states that her current incarceration began on March 15, 2007, but she was also an inmate for approximately two weeks in mid to late July 2006. In July 2006, Johnson wrote and submitted a grievance regarding the physical force used by Brown and Johnson's resultant injuries. Johnson was told by captain Joseph Moore ("Moore") that he sent the grievances to "C&T" (i.e. court and transfer) to address the issue. (D.I. 128.) The defendants' search did not include 2006. Johnson's unrefuted statement is that she submitted a grievance regarding the acts of Brown in July 2006, and forwarded the grievances for resolution. At this juncture there remains a genuine issue of fact whether Johnson exhausted the excessive

force claim. Therefore, the court will deny the motion for summary judgment as to the 2006 excessive force claim raised against Brown.

Johnson states that she submitted a grievance against Hicks and, once he read it, he "vowed revenge." According to the record, Johnson submitted the grievance on April 22, 2007. Johnson states thereafter, Hicks took actions that placed her in danger and she submitted many grievances over the years complaining of his behavior but no action was taken and the grievances were returned as "not grievable." (D.I. 128.)

Johnson submitted copies of grievances to support her position that she has exhausted her administrative remedies. Most are not exhausted. However, there are at least two exhausted grievances Johnson submitted complaining of Hicks' actions. (*See* D.I. 128, grievance No. 160391, dated May 26, 2008, complaining of Hicks' retaliatory conduct; and grievance No. 160395, dated May 27, 2008, complaining of Hicks' conduct towards her.) In addition, three grievances complaining of Hicks' conduct were referred for reviewed or were not formally resolved with the notation that Johnson would not "sign off". (*See id.* at grievance No. 134743, dated July 25, 2007 complaining that Hicks' did not properly pack her property when she was moved; grievance No. 138449, dated August 8, 2007, complaining of Hicks' conduct while guarding Johnson at the hospital; and grievance No. 138444 dated August 10, 20007 complaining of problems between Johnson and Hicks.) The court notes that, as of the time that Johnson filed her amended pleading on July 14, 2009, she exhausted her administrative remedies as to her complaints of retaliation by Hicks. (D.I. 89.) Accordingly the court will deny the defendants' motion for summary judgment as to the retaliation claim raised against Hicks.

The record does not contain evidence that Johnson exhausted her administrative remedies with regard to her claims against Danberg, Ryan, and Shotzburger. Nor is there any evidence that Johnson exhausted her administrative remedies as to her conditions of confinement claim. Johnson's failure to properly exhaust is fatal to these claims. "[I]t is beyond the power of this court . . . to excuse compliance with the exhaustion requirement." *Nyhuis*, 204 F.3d at 73. Therefore, the court will grant the defendants' motion for summary judgment as to all claims raised against Danberg, Ryan, and Shotzburger, as well as the conditions of confinement claim.[2]

## V. CONCLUSION

For the above reasons, the court will grant in part and deny in part the defendants' motion for summary judgment. The court will grant summary judgment as to all claims raised against the defendants in their official capacities, will grant summary judgment as to the conditions of confinement claims, and will grant summary judgment as to the defendants Danberg Ryan and Shotzburger. The court will deny summary judgment as to the claims raised against Hicks and Brown in their individual capacities.[3]

---

[2] Even if Johnson had exhausted her claims against Danberg, Ryan, and Shotzburger, a reasonable jury could not find in her favor as to the claims raised against them. The record lacks evidence of their personal involvement in the alleged constitutional violations. It is evident that these individuals were named as defendants based upon their supervisory positions. *See Ashcroft v. Iqbal*, –U.S.– , 129 S.Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Finally, all defendants are immune from suit on those claims raised against them in the official capacity. *See Board of Trustees of the Univ. of Al. v. Garrett*, 531 U.S. 356, 363 (2001); *Hafer v. Melo*, 502 U.S. 21, 30 (1991); *Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007) (not published).

[3] With regard to Hicks and Brown, the defendants moved for summary judgment based upon Hicks' and Brown's Eleventh Amendment immunity for claims raised against them in their official capacity and for failure to exhaust administrative remedies. The defendants did not address the merits of the retaliation claim raised against Hicks or the excessive force claim raised

An appropriate order will be issued.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

__Feb 28__, 2011
Wilmington, Delaware

---

against Brown.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| JONI L. JOHNSON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) ) | |
| v. | ) ) | Civ. Action No. 07-394-GMS |
| COMMISSIONER CARL DANBERG, et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

At Wilmington this 28th day of Feb, 2011, for the reasons set forth in the Memorandum issued this date;

1. The motion for summary judgment (D.I. 122) filed by the defendants is **granted in part** and **denied in part**, as follows:

    a. The motion for summary judgment is **granted** in favor of the defendants Commissioner Carl Danberg, former Warden Patrick Ryan, and Treatment Administrator Colleen Shotzburger.

    b. The defendants' motion for summary judgment for failure to exhaust the conditions of confinement issue is **granted**.

    c. The defendants' motion for summary judgment is **granted** as to all claims raised against them in their official capacity by reason of Eleventh Amendment immunity.

    d. The motion for summary judgment is **denied** on the issue of the failure to exhaust the claims raised against the defendants C/O Hicks (i.e., retaliation) and Corporal Brown (i.e., excessive force).

2. The claims raised against C/O Hicks and Corporation Brown in their individual capacities remain.

3. At the close of the case, the Clerk of Court is directed to enter judgment in favor of the defendants Carl Danberg, Patrick Ryan, and Colleen Shotzburger and against the plaintiff.

---
CHIEF, UNITED STATES DISTRICT JUDGE